## 50128. TAYLOR v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted, tried and convicted for the possession of illegal drugs. His motion for new trial was overruled and he appealed to this court from his judgment of conviction and sentence. This opinion deals with the only matters argued in the appellant's brief and all other enumerations of error are considered as abandoned.

1. The appellant complains of the overruling of his motion to suppress certain evidence admitted over his objection at the trial. The transcript discloses the

defendant admitted his possession of the evidence sought to be suppressed and objected to, this upon his examination under oath upon the trial of the case. Any error, therefore, in overruling the motion to suppress and any objection to the introduction of the evidence was harmless error (see *Watson v. State,* 132 Ga. App. 204 (1) (207 SE2d 685)), even though defendant's explanation of his possession, if believed by the jury, may have authorized his acquittal.

2. After the trial judge, on the sentence hearing, had charged the jury they could punish the defendant by confinement in the penitentiary for a period not exceeding two years or a fine not exceeding $2,000, or both, the following took place:

"District Attorney: Did Your Honor charge that it's reducible if they want to reduce it?

"The Court: Yes, I suppose it's an unusual type punishment, but in the event that you would like for the Court to treat it as a misdemeanor, after you write your verdict you could add 'We recommend that he be punished as for a misdemeanor.' Misdemeanor punishment is confinement not to exceed 12 months and six months in jail and/or $1,000 fine.

[Thereupon the Jury retired to the Jury Room].

"Defendant's Attorney: May I take exception to one part of your charge? I respectfully except where you stated that a misdemeanor would be an unusual type punishment in the case. It seems like this may be expressing an opinion that it would be unusual for them to come back with a recommendation that he be punished as for a misdemeanor.

"The Court: You misunderstood me. I said that the penalty in this case is an unusual type sentence in that it has an alternate fine.

"Defendant's Attorney: I see."

The defendant's attorney thus accepted the trial judge's explanation of what he had said, and failed to pursue the matter further by seeking clarification to the jury. Having thus taken his chances, he cannot now be heard to complain the sentence, though within legal limits, was improperly found by the jury.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 10, 1975 — DECIDED JANUARY 30, 1975 —
REHEARING DENIED FEBRUARY 21, 1975 —

*Smith, Geer, Brimberry & Kaplan, Jerry W. Brimberry,* for appellant.

*William S. Lee, District Attorney, Daniel MacDougald, III, Assistant District Attorney,* for appellee.