## 51020. CADLE v. THE STATE.

MARSHALL, Judge.

Appellant Cadle was indicted for violations of the Georgia Drug Abuse Control Act by unlawfully possessing phencyclidine (a felony) and a small quantity of marijuana (a misdemeanor). He was convicted upon his plea of not guilty following his waiver of a jury trial. He was sentenced to serve two one-year first offender probationary periods, such sentences to run concurrently.

Appellant filed a motion to suppress the fruits of a search, giving four conclusionary statements why he believed the search warrant was illegally issued thereby voiding the resulting search. His motion was dismissed

for failure to state facts showing wherein the search and seizure was unlawful. Without attempting to amend or perfect his motion, appellant filed an interlocutory appeal to this court alleging error in the dismissal without trial court consideration of the merits of the motion. This court affirmed the dismissal of the motion, remanding the case for further proceedings. *Cadle v. State,* 131 Ga. App. 175 (205 SE2d 529).

When the case came on subsequently for hearing, appellant renewed his motion to suppress, attempting to amend the original motion so as to show the factual basis thereof. Apparently on the ground that appellant had relied on the original motion on appeal in a losing cause, the trial court considered the suppression motion as being controlled by a form of res judicata as between appellant and the state. The trial judge therefore refused to allow appellant to amend the original motion and denied the motion without ever considering its merits.

Appellant, apparently believing himself to be on the horns of a legal dilemma, protected his record by entering a plea of not guilty but at the same time, in effect, threw himself on the mercy of the court by stipulating the crime laboratory report and submitting the case on the existing record. He testified that he had knowingly and unlawfully possessed both drugs. Following his conviction and sentence, appellant filed his appeal enumerating as errors the refusal of the trial judge to grant the original motion to suppress, as amended, the refusal of the trial judge to allow appellant to amend that motion, and the refusal to dismiss the phencyclidine indictment as being constitutionally defective. *Held:*

1. Throughout this trial, appellant has insisted on the irregularity of the search which furnished the evidence leading to his conviction. We believe the trial court erred in refusing to allow appellant to amend his motion to suppress and thereafter consider the motion on its substantive merits. It is the law of this state that, "[r]ights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or an abandonment of a known right or privilege which relinquishment or abandonment was

participated in by the party and was done voluntarily, knowingly and intelligently." *Morgan v. Kiff,* 230 Ga. 277 (196 SE2d 445).

Looking to the affidavit in support of the warrant issued in this case, it clearly is legally deficient. In factual totality the supporting information states: "Johnny Cadle who resides at 4818 Riverdale Road, Apt. E-3, Clayton County, College Park, Ga., has in his possession at the present time a quantity of marijuana, . . . The informant further stated that the above white male is selling marijuana from the above address." There followed a physical description of the defendant and a verification by the landlord that Cadle was the tenant of Apt. E-3. The affidavit fails because the information furnished by the informer does not reveal how the informer received his information, whether by personal observation or from other sources and in the latter event whether such sources were reliable. *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797); *Moreland v. State,* 132 Ga. App. 420, 421 (208 SE2d 193).

Nevertheless, appellant has not improved his position by correcting and amending his motion to suppress, even though we have concluded that attempt was improperly denied. By his admission of unlawful possession of marijuana and phencyclidine on the merits of his trial, upon his oath, appellant has reduced the improper consideration of the fruits of the illegal search to nothing more than harmless error. *Taylor v. State,* 134 Ga. App. 79, 80 (213 SE2d 137).

2. In his second principal enumeration of error, appellant sought at trial level and again before this court to have the phencyclidine offense dismissed as being based upon an unconstitutional statute. In *Sundberg v. State,* 234 Ga. 482, 484 (216 SE2d 332) the Supreme Court concluded that § 79A-903 (b) (4) of the Code Annotated (Ga. L. 1967, pp. 296, 344; 1970, pp. 470, 471), dealing, inter alia, with phencyclidine was in constitutional disregard of Art. III, Sec. I, Par. I (Code § 2-1301) of the Constitution of 1945, in that there was an unlawful delegation of legislative responsibility of the authority to denote as a crime the unlawful possession of yet undefined and unnamed substances. Though the Act involved was

repealed effective July 1, 1974 (Ga. L. 1974, pp. 221, 229 (Code Ann. § 79A-805) and Ga. L. 1974, pp. 221, 238 (Code Ann. § 79A-808 (c) (9)) that repeal did not affect pending indictments. The indictment in this case is dated April 17, 1973.

The Constitution of this State provides that legislative acts in violation thereof are void and the judiciary shall so declare them. Code § 2-402. The statute upon which the phencyclidine indictment in this case was based has been declared in violation of the State Constitution and therefore void. *Sundberg v. State,* 234 Ga. 482, supra. A criminal indictment and subsequent conviction thereof based upon a void statute is nugatory, without any force or effect and should be dismissed. *Groves v. State,* 116 Ga. 607 (42 SE 1014).

The judgment is affirmed as to the possession of marijuana and is reversed as to the possession of phencyclidine.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 16, 1975 — DECIDED OCTOBER 1, 1975 — REHEARING DENIED OCTOBER 21, 1975 —

*Al Horn,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.