## 37756. HILL v. THE STATE.

SMITH, Justice.

Appellant was indicted for murder and aggravated assault. A non-jury trial was held, and he was found guilty on both charges. The trial court imposed a sentence of life imprisonment for the murder and a concurrent sentence of 10 years for the aggravated assault. Appellant raises two enumerations in this appeal, and we affirm.

1. In his first enumeration, appellant contends the verdict is "contrary to the law and to the facts." We cannot agree.

From the evidence adduced at trial, a rational trier of fact was authorized to find the following: At approximately 10:00 p.m., on November 11, 1980, appellant arrived at the residence of Robert and Vera Favors. He had come to order his twelve-year-old niece, Shirley Bonner, to go home. Appellant did not like his niece spending time at the Favors because he thought various improper activities regularly took place there.

About the time of appellant's arrival, Vera Favors spoke with Shirley's mother over the telephone. Mrs. Bonner told Mrs. Favors that Shirley could stay at the residence until she arrived.

Instead of following her uncle's command, Shirley went into a bedroom where Mrs. Favor's daughter, Sheila, was reading her Bible and two or three others were watching a movie on television. Appellant, who on previous occasions threatened to whip his niece if she did not stay away from the Favors' residence, twice entered the room and left. Sheila then closed the door. The door to the bedroom was missing a doorknob, and was now jammed shut.

By this time, Mrs. Bonner had arrived. She borrowed a fork from Vera Favors to pry open the bedroom door. Mrs. Bonner was unable to do so, and Vera Favors went to assist her.

Appellant was standing in the hallway drinking beer. He exchanged words with Mrs. Favors, who told him that he didn't have any business attempting to control his niece while she was visiting Sheila with Mrs. Bonner's permission. Mrs. Favors and appellant had argued on previous occasions, and were generally on bad terms.

Mrs. Favors stepped into the bathroom to wash her face. As she exited the bathroom, appellant grabbed her from behind and stabbed her in the hand, arm and breast with a hunting knife. He then pushed her into a bedroom.

Appellant proceeded to the closed bedroom door and kicked it in. The door fell on Sheila. Appellant entered the room, jumped on top of Sheila and stabbed her in the chest with a knife. Sheila was pulled away by her cousin Clarence. She ran down the hall, bleeding.

Sheila was rushed to Meriwether Memorial Hospital and

pronounced dead at approximately 10:30 p.m. The cause of death was determined to be "a puncture wound to the left chest which caused massive amounts of internal bleeding."

We must conclude that the evidence was sufficient to support the conviction. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Holt v. State,* 247 Ga. 648 (278 SE2d 390) (1981); *Wade v. State,* 157 Ga. App. 296 (277 SE2d 292) (1981).

2. In his remaining enumeration, appellant asserts that the trial court "erred in overruling Defense Council's Motion for a Directed Verdict as a result of the [state] not furnishing . . . the material and information requested in a [Brady] motion . . ." Appellant relies upon Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

We find no reversible error under Brady. Appellant first raised the state's alleged non-compliance with the Brady motion after the trial was concluded. The district attorney stated in his place that "neither one [of appellant's counsel] have asked me for a copy which I have had here for me . . . If they wanted a copy, they were welcome to it. I was under the impression that they did have a copy of it." The trial court, sua sponte, conducted an in camera inspection of the state's file and found nothing exculpatory. The court also directed the district attorney's office "to make [the requested information] available" to the defense. The prosecution then stated: "[I]t's the policy of the District Attorney's Office in this circuit that all files will be made available to defense counsel. Now, to my knowledge, there's never been any problem with this policy. Defense counsel are aware it's available to them. If we have it, they can have it." The defense did not challenge this statement.

Neither in its motion for new trial nor on appeal has appellant alleged that the state failed to comply with the trial court's directive to make the requested information available. Apparently, appellant's only complaint is that the state did not furnish him with a copy of the requested material. "In our opinion, this is not required under the holding in Brady or its progeny." *Burnett v. State,* 240 Ga. 681, 685 (242 SE2d 79) (1978). In any event, appellant has not come forward with anything to suggest a suppression of material, exculpatory information by the state. The burden is on the appellant to establish a Brady violation (See e.g., *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974)), and this burden has not been satisfied in the instant case.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Marshall, Clarke and Gregory, JJ., concur.*

DECIDED OCTOBER 14, 1981.

*A. Vernon Belcher,* for appellant.

*Arthur E. Mallory III, District Attorney, Marc E. Acree, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.