## 62263. MOSIER v. THE STATE.

Pope, Judge.

Defendant Mosier was indicted for burglary in Gwinnett County. He moved to suppress the evidence seized during the search of his apartment on the grounds that the affidavit supporting the search warrant did not adequately describe the premises to be searched as required by Code Ann. § 27-303. The superior court ordered that the motion to suppress be denied, wherefrom defendant brings this interlocutory appeal.

1. The affidavit and the search warrant are headed "GEORGIA, GWINNETT COUNTY." Both describe the premises to be searched as "6529 Norcross-Tucker Road, Apt. G-4, Tucker, Georgia, said address is also known as the Westwood Apartment Complex." Defendant urges that the absence of a county in the foregoing description renders such description legally inadequate.

The court will judicially notice that "Tucker, Georgia" is not an incorporated municipality located in DeKalb County as defendant contends but is merely a community encompassing portions of DeKalb and Gwinnett Counties. See *Smith v. State,* 138 Ga. App. 692 (1) (227 SE2d 468) (1976); *Madden v. Fulton County,* 102 Ga. App. 19 (115 SE2d 406) (1960). We therefore conclude that the affidavit and warrant, both headed Gwinnett County, contained a description sufficient to enable the officer who served the warrant to ascertain with reasonable certainty the identity of the place intended. *Miller v. State,* 155 Ga. App. 399 (1B) (270 SE2d 822) (1980).

2. The remaining objections to the legality of the search and seizure were not properly brought before the trial court as the motion stated no facts showing wherein the search and seizure were unlawful as required under Code Ann. § 27-313(b). *State v. Hodge,* 154 Ga. App. 293 (267 SE2d 906) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided November 18, 1981.

*L. Paul Cobb, Jr.,* for appellant.
*Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.