## 38285. HUNTER v. THE STATE.

HILL, Presiding Justice.

Larry James Hunter, Sr., appeals his convictions of two counts of felony murder for which he received consecutive life sentences and one count of arson for which he was given a consecutive twenty-year sentence.

At trial, evidence was presented showing that the defendant, Larry Hunter, Sr., and his wife Letha had been separated several times because of the defendant's extramarital affairs. On the afternoon of Saturday, May 23, 1981, the defendant told a friend that he and his wife were again quarreling, that they would probably separate, that his wife wanted their mobile home, and that "he would burn it down before he saw her with it." (The friend also testified that on another occasion, the defendant's wife had made similar statements about wanting the trailer and burning it if the defendant obtained it.)

Later that night, the defendant and his wife again argued, culminating in the wife cutting the defendant on the arm, requiring stitches at the local emergency room. Despite advice to the contrary from a police officer, at about midnight the defendant returned to the trailer in order to get his clothes. His wife did not want him to take some underclothes she had purchased for him, so he burned them about 32 feet northeast of the trailer after pouring diesel fuel from a tank on his pickup truck onto the clothes. The defendant claims that he then left his home and went to his girlfriend's, where he spent the night. Several witnesses present at her home corroborated all or parts of his testimony.

The state's case, however, included the testimony of Lannis Carl Walker of the Cairo Police Department. He stated that he had gone to a late drive-in movie with his girlfriend and two friends, and had dropped them off at about 3:30 a.m. Sunday morning at the home of Charles McLeod. McLeod lived only several houses away from the Hunter's mobile home, on the opposite side of the street. Walker stated that, when he left McLeod's, he passed by the Hunter's home and saw the defendant standing outside the trailer talking with his wife, who was standing inside its open door. It did not appear to him

that they were arguing. The officer recognized the defendant, whom he knew and whom he saw in profile illuminated by the light from the open door. He also said that he noticed the defendant's truck parked in the yard.

At 3:45 that morning, a call was placed to the fire department by Charles McLeod that the Hunter trailer was on fire. The couple's three-year-old son was found in the yard outside the burning mobile home, but Hunter's wife and eight-year-old son, Larry James Hunter, Jr., died of smoke inhalation inside.

Investigators, police and firemen testified to the strong smell of diesel fuel at the scene of the fire. Soil samples tested were positive for the presence of diesel fuel. The defendant was arrested the next morning.

1. The defendant argues that Walker gave inconsistent testimony at the committal hearing and his identification of the defendant at the scene was suspect, and that the defendant's wife may have set fire to the mobile home. We find that the evidence is sufficient to support the jury's verdict under the test of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial, the defendant objected to the admission of state's exhibit 18, a sample of diesel fuel from the tank on the back of his truck. The basis of the objection was that the state had not shown that the fuel sample had been obtained pursuant to a valid search warrant or consent search. The defendant did not object to any of the testimony concerning its collection, but only to the admission of the physical evidence, the plastic jug containing the liquid drawn from the tank. Furthermore, the defendant testified that he had used fuel from his truck to burn the clothes earlier that evening, and the defense placed the crime lab report into evidence.

No motion to suppress was made. The defendant argues that he did not know that the fuel sample had been taken from his truck until the trial. This claim is refuted in the transcript of the June 24, 1981, commitment hearing, wherein Richard Atkinson, an investigator in the Grady County Sheriff's Department, stated in the presence of the defendant and his attorney that he had taken the fuel tank sample pursuant to a search warrant and sent it to the crime lab. At that time, the results had not yet been reported. The transcript of the pretrial hearing on September 9, 1981, also reflects that scientific reports, including the crime lab's analysis of the fuel tank sample, were furnished to the defendant. This report was placed in evidence by the defense at the trial on September 29 and 30, 1981.

Code Ann. § 27-313 requires the defendant to create an issue as to the legality of evidence obtained by the state by filing a motion to suppress stating facts showing wherein the search and seizure were

unlawful. Once made, the burden is on the state to prove that the seizure was lawful. Code Ann. § 27-313 (b). We find that the defendant had ample notice of the state's possession of the fuel tank sample. His failure to file a motion to suppress relieved the state of the burden of proving its possession was proper. *Smith v. Hopper,* 240 Ga. 93, 95 (239 SE2d 510) (1977). There is no merit to this enumeration of error.

3. Defendant also enumerates as error that the trial court improperly charged the jury on incriminating statements. He claims this charge was harmful to him because no such statements had been made.

Evidence at trial presented by Investigator Atkinson was that the morning after the fire occurred, he confronted the defendant and read him his Miranda rights. Thereafter, the defendant stated that he understood his rights and had no questions about them, that he had spent the night with friends and had not returned after leaving home about 11:30 or 12:00 Saturday night, that he had been cut by his wife earlier in the evening, but had returned home to get his clothes, and that he had burned some clothes she had bought for him with diesel fuel from his truck. After that, he declined to say anymore until an attorney was consulted, and no more questions were asked.

The defendant's statement is incriminating in that it shows the continuing antagonism between him and his wife and the possession and use of diesel fuel, shown to be the agent of the fatal fire, to set a fire only a few hours before. The trial court did not err in giving the charge.

4. Since the defendant was indicted for felony murder in which the underlying felony charged was arson in the first degree, the state agrees and we find that the conviction and sentence for arson must be set aside. *Collier v. State,* 244 Ga. 553 (6) (261 SE2d 364) (1979); *Blankenship v. State,* 247 Ga. 590 (2) (277 SE2d 505) (1981).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED MARCH 2, 1982.

*Porter & Lehman, Thomas L. Lehman,* for appellant.
*Gilbert J. Murrah, District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries,* for appellee.