68809, 69204. UPSHAW v. THE STATE (two cases).
(324 SE2d 529)

McMURRAY, Chief Judge.

Henry Lee Barnes and Jack Upshaw were convicted of delivering cocaine in violation of the Georgia Controlled Substances Act. Barnes' conviction was upheld in *Barnes v. State*, 168 Ga. App. 925 (310 SE2d 777). Upshaw's retained counsel filed an appeal in which he raised four enumerations of error. Defendant subsequently filed a pro se appeal in which he raised the same four enumerations of error. Thus, although the appeals have been filed as two separate cases, they contain the same factual circumstances and the same enumerations of error and will therefore be addressed in one opinion. *Held:*

1. Defendant filed a pre-trial motion for discovery under the authority of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d

215), in which he sought to compel disclosure of, among other things, "[t]he full names and addresses of all persons who have given information to the prosecuting attorney or law enforcement officers relating to the arrest of the defendant and the charges against him." Subsequently, after defendant's conviction of the crime in question, defendant brought a motion for new trial contending inter alia, that he was denied due process of law because the State failed to produce certain material information pursuant to his pre-trial motion for discovery. However, the court made an in camera inspection of the State's file before ruling on defendant's new trial motion, but having found no exculpatory evidence, the court denied defendant's motion. Defendant enumerates this denial as error. Specifically, defendant argues that the evidence adduced at trial disclosed that a certain third party was an active participant in the scheme to arrest or set up the defendant; that the State knew the name and address of this third party; that the State failed to disclose this third party's name and address pursuant to his pre-trial discovery motion; and that such failure to disclose on the part of the State denied him due process of the law. We disagree.

"The trial judge's discretionary ruling on the lack of exculpatory matter in the prosecution's file established that as a fact absent a counter-showing." *Durham v. State*, 239 Ga. 697, 700 (3 (a)) (238 SE2d 334). "[W]e will not call up the state's files for review unless the appellant can show cause, by showing that particular evidence was suppressed which was material." *Barnes v. State*, 157 Ga. App. 582, 588 (277 SE2d 916).

Defendant argues that error arises from the failure of the State to produce the "current name and address" of "Rick Dowdell . . . an active participant in the scheme to arrest or set-up Defendant Upshaw." First, we note that the record indicates the existence of an individual identified as "Rick" but otherwise fails to support defendant's factual assertions. Defendant appears to be more knowledgeable in regard to this individual than the State. Secondly, the record fails to suggest that the prosecution's file contained any information in regard to Rick Dowdell (or if such a person actually exists). "[T]he state cannot be required to disclose something which it does not know." *Lingerfelt v. State*, 147 Ga. App. 371, 377 (9) (249 SE2d 100). Also, defendant's *Brady* requests both prior to trial and post-trial were general in nature. " 'If there is a duty to respond to a general request of that kind, it must derive from the obviously exculpatory character of certain evidence in the hands of the prosecutor.' [United States v. Agurs, 427 U. S. 97, 107 (96 SC 2392, 49 LE2d 342).]" *Tribble v. State*, 248 Ga. 274, 275 (280 SE2d 352). Finally, if in fact, as defendant argues, the "current name and address" of one "Rick Dowdell" has been suppressed, defendant has failed to show that such evi-

dence was material in the constitutional sense. The proper standard of materiality is whether the omitted evidence creates a reasonable doubt that did not otherwise exist. United States v. Agurs, 427 U. S. 97, 112, supra. The *Brady* issue being resolved against defendant we do not reach the further issues argued by defendant in regard to *Thornton v. State*, 238 Ga. 160 (231 SE2d 729). This enumeration of error is without merit.

2. Defendant contends that the trial court erred in allowing the State to introduce evidence of his involvement in a cocaine sale some six days prior to the cocaine sale of which he was charged with the crime of delivering cocaine in the case sub judice. Defendant argues that by allowing the State to introduce evidence of his involvement in this prior criminal act, his character was improperly placed into evidence. We disagree.

"Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321). A review of the testimony concerning defendant Upshaw's prior cocaine sale "demonstrates that it comes within the above stated exception to the 'other crimes' rule." *Gilstrap v. State*, 162 Ga. App. 841, 844 (292 SE2d 495). "Moreover, the trial court was careful to charge the jury that similar transactions can only be used to establish identity, motive, plan, scheme, bent of mind or course of conduct. Thus, this enumeration is without merit." *Montford v. State*, 168 Ga. App. 394, 395 (3)-396 (309 SE2d 650).

3. Defendant contends that the trial court erred in refusing to grant his motion for a directed verdict. However, after a careful review of the record, we find that there was sufficient evidence upon which a rational trier of fact could find defendant Upshaw guilty beyond a reasonable doubt of delivering cocaine in violation of the Georgia Controlled Substances Act. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89 (263 SE2d 131). This enumeration is therefore without merit.

4. Defendant enumerates as error the refusal to give the following requested charge: "In making determination of whether any other reasonable hypothesis exists, Defendant's explanation must be taken into consideration insofar as it is consistent with circumstantial evidence properly admitted." We disagree. Here, the record reflects that the trial court properly instructed the jury regarding the presumption of innocence in favor of the defendant and the State's burden of proof to prove defendant guilty of the offense charged beyond a reasonable doubt. "Where the charge given is fair and complete and substantially

covers the applicable principles, failure to give a requested instruction in the exact language requested is not error. [Cits.]" *Epps v. State*, 168 Ga. App. 79, 82 (308 SE2d 234). Therefore, we find no error in failing to give the above charge as requested by defendant.

5. Defendant has filed a motion to dismiss another Fulton County indictment in this court. No ruling having been sought in the trial court upon defendant's motion, there is nothing for us to review.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1984.

*William D. Smith*, for appellant.

Jack Upshaw, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Howard Goldstein, H. Allen Moye, Assistant District Attorneys*, for appellee.