## 44053. WALTER v. THE STATE.
(352 SE2d 570)

GREGORY, Justice.

Randall Dean Walter was convicted of malice murder for the shooting death of his wife, Judy.[1] He was sentenced to life imprison-

---

[1] The offense was committed and Walter was arrested on December 30, 1984. Walter was

ment. We affirm.

Judy and Randall Walter were married eleven years and had one son, eight-year-old Randy. Judy and Randy lived in the house of Judy's mother, Ruby Smith. Randall stayed in a trailer in the back of the Smith home.

Based on the evidence adduced at trial, a jury could have found that Judy and Mrs. Smith discovered oil and sand beneath Judy's car on the morning of December 30, 1984. Judy suspected Randall had drained the oil from the car and became very upset. Ignoring her mother's pleas to keep away from Randall, Judy went to the trailer to confront him. Mrs. Smith and Randy heard Judy screaming. They ran to the trailer and found Randall choking his wife. Randy tried unsuccessfully to pull his father away. Mrs. Smith then hit Randall on the head with a hubcap, and he released Judy. Randall and Judy began walking back to the house. Randall told Mrs. Smith he was going to kill his wife because she had been "running around on me." Randall went into the trailer and returned to the porch with a 30.06 caliber rifle. Randy and Judy were about 115 feet from the trailer. Randy turned and saw his father fire the rifle. Judy was struck in the back of the head with a bullet and killed.

Randall left the scene and later turned himself in at the Hall County Detention Center. Randall told the deputy sheriff on duty that he had been arguing with his wife and shot her. He also later told investigators he had shot his wife. He said he and Judy had been having marital problems and he suspected his wife of infidelity. He told police his wife had come to his trailer, called him profane names and slapped him before he shot her.

1. Walter contends the trial court erred in denying the defense access to prior written statements made by witnesses to the district attorney.

Before the trial, Walter made a written motion to discover any exculpatory evidence pursuant to *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Walter also made a separate written motion to require the prosecution to furnish copies of all statements made by witnesses, or in the alternative for the trial court to make an in camera inspection for variances.

Walter renewed his motion to obtain the statements following testimony at trial by the victim's mother. Walter's counsel said he was particularly interested in the mother's description of the sequence of events at the time of the shooting.

---

indicted for malice murder in January 1985. A jury found Walter guilty and he was sentenced on November 15, 1985. The transcript was certified on October 30, 1986, and the case was docketed in this court on November 7, 1986. The case was submitted on briefs for decision on December 19, 1986.

The prosecution informed Walter and the court the only variance in the pretrial statement and the testimony concerned the exchange of words between Walter and his mother-in-law just before the shooting. Mrs. Smith testified Walter told her he was going to shoot his wife because she had been unfaithful to him. In the pretrial statement the mother did not mention any remarks about infidelity. The trial court also read the statement and found this to be the only variance.

Walter argues the variance was critical in establishing that the shooting was voluntary manslaughter, which was his only defense. Mrs. Smith's account at trial of her exchange with Walter about his wife's fidelity allows the State to show sufficient time had passed between any provocation by his wife and the shooting to preclude voluntary manslaughter. Walter contends the court thus erred in not providing him with a copy of the witness' statement.

Georgia law does not provide that statements given prior to trial by key prosecution witnesses be generally made available for discovery by the defendant in a criminal case. *Odom v. State*, 156 Ga. App. 119 (1) (274 SE2d 117) (1980). Accord *Stevens v. State*, 242 Ga. 34 (1) (247 SE2d 838) (1978).

Also, there is no *Brady* violation. The *Brady* line of cases protects defendants from prosecutors suppressing exculpatory evidence. See *Stevens*, supra; *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974). No exculpatory evidence was suppressed here. The prosecutor revealed the information sought by Walter. Also, the trial court made an in camera inspection and found no other exculpatory evidence in the statement. Walter had the information available and the opportunity to cross-examine Mrs. Smith with the variance, but declined to do so.

We, therefore, find this enumeration of error to be without merit.

2. Walter contends the trial court erred in slanting the jury charge in favor of the State's contention that the defendant's offense was malice murder rather than voluntary manslaughter. However, he cites no specific portions of the charge to support his contention. We have reviewed the court's charge as a whole and find it was a full and fair charge covering all issues to be resolved by the jury, including the issue of voluntary manslaughter. See *Williams v. State*, 249 Ga. 822 (3) (295 SE2d 293) (1982).

The jury also requested a recharge on definitions of malice murder, felony murder and voluntary manslaughter. Walter contends the trial court erred by providing additional instructions which were beyond the jury's request and emphasized the theory of the prosecution. However, the trial court went to great lengths to determine what the jury needed in the recharge. He then repeated his instructions on the statutory definitions of the three offenses and the applicable principles that went with those definitions. Where a jury requests a charge

or recharge on a particular point, it is within the discretion of the judge to also give or not give additional instructions. *Taylor v. State*, 169 Ga. App. 842, 844 (315 SE2d 661) (1984). We find the trial judge did not abuse his discretion.

3. Finally, a review of all of the evidence adduced at trial in the light most favorable to the jury's verdict shows that a rational trier of fact could have found Walter guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1987.

James H. Whitmer, for appellant.

*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.