## 75153. TODD v. THE STATE.
(362 SE2d 400)

BANKE, Presiding Judge.

Todd was convicted of two counts of theft by receiving stolen property and one count of unlawful possession of protected wildlife. At trial, he did not contest his guilt of the latter offense. Consequently, the present appeal involves only the two theft convictions.

Acting on a telephone tip from a "concerned citizen" advising that the appellant was in possession of certain protected wildlife which he intended to transport to Florida the following day, two Georgia Department of Natural Resources ("DNR") rangers proceeded to the vicinity of a farm operated by the appellant but owned by his mother. There, from a vantage point on adjacent property, they observed an individual loading crates onto the bed of a truck. Later, after the truck had departed, the rangers proceeded onto the farm to investigate further, whereupon they observed two poultry crates containing protected species of wildlife. They also observed two vehicles on the property, one a Mercedes-Benz automobile and the other a Chevrolet Silverado pickup truck with no engine or rear bumper. The vehicle identification numbers had been removed from the dashboards of both these vehicles, but the vehicle identification number of the truck was discovered inside its glove compartment, enabling the agents to determine from the Georgia Bureau of Investigation that the pickup truck had been reported stolen. Based on this information, a search warrant was obtained authorizing the seizure of "stolen motor vehicles and component parts of stolen motor vehicles." The enusing search resulted in the seizure of a box of veterinary supplies from the back of the Mercedes, bearing a shipping label naming

the appellant as addressee. Through certain warranty information discovered in the glove compartment of the Mercedes, the agents were able to determine that it had also been reported stolen.

The appellant's mother testified that the two vehicles had been on her property for approximately 11 months prior to their seizure. She stated that about an hour before the Silverado pickup truck had appeared there, the appellant had told her: "A man's going to bring me something in. And you don't have to go out. He knows where to unload." She further stated that an individual she knew as Robert White had arrived shortly thereafter, transporting the pickup on a larger truck. The appellant's mother testified that she had not observed the delivery of the Mercedes-Benz onto her property. *Held*:

1. The appellant asserts that the trial court erred in failing to grant his motion for a directed verdict of acquittal with respect to the two counts of theft by receiving stolen property.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should have known was stolen unless the property is received, disposed of or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." OCGA § 16-8-7 (a). While proof of knowledge that the property is stolen is an essential, "[t]his guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. [Cits.]" *Whitehead v. State*, 169 Ga. App. 518, 519 (313 SE2d 775) (1984).

The circumstances surrounding delivery of the pickup truck, combined with the evidence that the vehicle identification numbers had been removed from both it and the Mercedes in violation of OCGA § 40-4-22, was sufficient to warrant an inference of guilty knowledge with respect to the receipt and possession of both vehicles. See generally *Cheek v. State*, 170 Ga. App. 230 (1) (316 SE2d 583) (1984). Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could reasonably have found the appellant guilty of both counts of theft by receiving stolen property beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

2. The appellant asserts that the trial court erred in denying his motion to suppress the evidence seized from the farm prior to the issuance of the search warrant.

It is the relationship of the person with the property searched that gives rise to the protection of the Fourth Amendment. See *Sanders v. State*, 181 Ga. App. 117 (1) (351 SE2d 666) (1986). Here, the appellant asserted no possessory or other interest in either the vehicles or in the farm property where the search was conducted. "The

Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387). And, an individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises has not had any of his Fourth Amendment rights infringed. Id. The defendant had no legitimate claim to any expectation of privacy in the premises searched and may not now assert a valid claim of illegal search and seizure. [Cits.]" *Staton v. State*, 164 Ga. App. 464, 465 (297 SE2d 375) (1982). The trial court did not err in denying the motion to suppress.

3. The appellant contends that the evidence failed to support the court's charges to the jury regarding parties to a crime. See generally OCGA §§ 16-2-20 and 16-2-21. "A charge on this subject is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory. [Cit.]" *Evans v. State*, 138 Ga. App. 460, 461 (226 SE2d 303) (1976). The circumstantial evidence in the present case supported the theory that a joint scheme existed between the appellant and White, whereby the appellant would receive and retain the stolen vehicles. Accordingly, this enumeration of error is without merit.

4. The appellant made a timely request for a charge that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Such a charge is required only when the evidence relied on for conviction is entirely circumstantial. *Whittington v. State*, 252 Ga. 168 (7) (313 SE2d 73) (1984). As we must agree with the appellant that the evidence against him with respect to the theft charges was wholly circumstantial, we hold that the trial court committed reversible error in refusing to give the requested instruction. Accordingly, the two theft convictions must be reversed.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 13, 1987 —
REHEARING DISMISSED NOVEMBER 4, 1987.

*William R. Rice, Charles P. Rose, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.