A89A0157. BOATRIGHT v. THE STATE.
A89A0158, A89A0159. O'BERRY et al. v. THE STATE.
(385 SE2d 298)

BIRDSONG, Judge.

Appellant Holder Boatright was convicted of two counts of aggravated child molestation; appellant Frank O'Berry was convicted of two counts of enticing a child for indecent purposes; and, appellant Donna O'Berry was convicted of two counts of enticing a child for indecent purposes. Each appellant has appealed.

The children of appellants O'Berry, a girl age 9 and a boy age 8, testified that their parents and an uncle, Wayne Sims, took them on certain occasions to the garage of appellant Boatright who sexually abused each child in various ways; the abuse occurred in the presence of the parents on at least one occasion.

*I. A89A0157, A89A0158 & A89A0159*

1. Review of the transcript of these three companion cases in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that each appellant was guilty of the offenses of which he or she has been convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

*II. A89A0157. Boatright v. The State*

2. Appellant Boatright asserts the trial court erred in refusing to allow appellant to hear certain recorded tapes of prior statements made by the children which would be exculpatory or mitigating. The

tapes consist of certain video tapes made of an interview of the two children conducted by the Pierce County Family & Children Services' Department. Appellant asserted rights under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), to the production of the tapes or in the alternative for the trial court to conduct an in camera inspection thereof. The trial court denied the motion as it had reviewed a *transcript* of the tapes and the prosecutor's entire file previously during the case of the co-defendant Wayne Sims. The trial court determined and expressly stated on the record that his inspection of the State's file, which included the tapes transcript, disclosed nothing that is "exculpatory, mitigating or impeaching."

Appellants moved to have the video tape transcript and State's file attached to the record so these items would be available for appellate review. The record does not contain these items, and appellants have not made a timely motion to this court requesting that we order these matters forwarded for review. As a general rule, " '(w)e will not call up the state's files for review unless the appellant can show cause, by showing that particular evidence was suppressed which was material.' " *Upshaw v. State*, 172 Ga. App. 671, 672 (324 SE2d 529). We see no need to depart from this rule in this case. Moreover, appellants have now waived any right they may have had to assert as error the trial court's failure to seal and forward the video tape transcript and State's files with the trial record. *Durham v. State*, 239 Ga. 697, 700 (3) (b) (238 SE2d 334).

"Georgia law does not provide that statements given prior to trial by key prosecution witnesses be generally made available for discovery by the defendant in a criminal case." *Walter v. State*, 256 Ga. 666, 668 (352 SE2d 570). It is well-recognized that *"Brady* does not require the prosecution to open its file for general inspection by the defense or for pre-trial discovery." *Hicks v. State*, 232 Ga. 393, 396 (207 SE2d 30); *Julian v. State*, 134 Ga. App. 592 (3) (215 SE2d 496). Accordingly, appellant's complaint that he was not provided with a copy of the video tapes for his own inspection is without merit; " 'this is not required under the holding in *Brady* or its progeny.' " See *Hill v. State*, 248 Ga. 304, 305 (283 SE2d 252).

Under the attendant circumstances the trial court's prior examination in camera of the State's entire file, including a copy of the video tape transcript, was an adequate in camera inspection to satisfy the requirements of *Brady* and its progeny.

Appellant specifically asserts that the video tape if reviewed by the court in lieu of the transcript thereof might reveal a *demeanor* on the part of the children during pre-trial interviews which could detract from their credibility if presented to the jury. This is entirely speculative. The defense is not entitled under *Brady* to engage in a mere fishing expedition into the files of the State. See *Hicks v. State*,

supra at 396. " 'There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. . . .' [Cit.] *Brady* cannot be read as requiring that 'as a matter of constitutional law everything must be disclosed which might influence a jury.' " *Castell v. State*, 250 Ga. 776, 782 (301 SE2d 234); *Massengale v. State*, 189 Ga. App. 877 (377 SE2d 882).

Further, appellant has failed to carry his burden to show either that any type of *Brady* violation occurred, see generally *Cromer*, supra, or, that assuming error had occurred, he was prejudiced thereby. See generally *Rogers v. State*, 257 Ga. 590, 592 (361 SE2d 814); see also *Parks v. State*, 254 Ga. 403, 407 (330 SE2d 686). Accordingly, this enumeration of error is without merit.

3. Appellant Boatright asserts that the trial court erred in denying appellant's motion to suppress evidence obtained through an improper and illegal search warrant. The evidence in question concerns certain sexually oriented materials found in the home of appellants Donna and Frank O'Berry. Appellant Boatright did not reside in that home, apparently was not present in the home when the materials were seized, and has not claimed any right of ownership or possession of said evidence.

We find that appellant Boatright has no reasonable expectation of privacy in the premises searched, neither has he asserted any valid right of ownership or possession in the property seized. See generally *United States v. Salvucci*, 448 U. S. 83 (100 SC 2547, 65 LE2d 619). Clearly, appellant Boatright has no standing to assert either a Fourth Amendment or a state constitutional challenge to this search and seizure. See generally *Rich v. State*, 188 Ga. App. 287, 288-289 (372 SE2d 670), citing *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387); *Todd v. State*, 184 Ga. App. 750 (2) (362 SE2d 400); *Sanders v. State*, 181 Ga. App. 117 (1) (351 SE2d 666). See also Section III, Division 8 below.

### III. A89A0158. Frank O'Berry v. The State

4. Appellant Frank O'Berry asserts on general grounds that the trial court erred in denying his motion for new trial. We disagree. See Division 1, above.

5. Appellant Frank O'Berry asserts the trial court erred in allowing the children to testify while sitting at a small round table in front of and facing the jury, allegedly with their backs to the defendants and attorneys; erred in allowing their foster father to stand behind them while they testified, allegedly shielding them from the defendants; and, erred in taking no corrective action regarding a statement made by the assistant district attorney during closing argument to the effect that the sheriff and the foster father had to stand

behind the children because they are in constant fear someone will get them.

The record reveals that the thrust of appellant's objections at trial to the seating of the children was that such seating could give undue weight to their credibility and testimony thereby prejudicing appellants. After an initial objection was raised that the seating arrangement might prevent the defendants and their attorneys from seeing the children while they testify, the trial judge allowed the attorneys and the defendants to position themselves at certain locations in the courtroom. Further, prior to the testimony of the first child, one defense attorney requested that "we be allowed to move," and the request was granted. Later, during the same child's testimony, the defendants and their attorneys were allowed to reposition themselves; however, the defendants were not allowed to stand around the witness box closer to the child witness. Thereafter, neither the defendants nor their attorney asserted on the record that their vision or hearing of the children was impaired. Further, at no time was an objection made or was it otherwise reflected in the trial record that the foster father of the children was "shielding" them from defendants during the children's testimony. Regarding the assertions made in appellant's brief concerning these matters, we have consistently held that factual assertions contained in the parties' briefs unsupported by evidence of record cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (366 SE2d 223).

It was not error to allow the foster parent of the children, who was not a witness in the case subject to sequestration, to stand behind the children during their testimony. *Benton v. State*, 184 Ga. App. 684 (4) (362 SE2d 421).

It was not error to allow the children to sit at the small table in front of the jury. *Ortiz v. State*, 188 Ga. App. 532 (2) (374 SE2d 92). This case is distinguishable from *Coy v. Iowa*, 487 U. S. ___ (108 SC 2798, 101 LE2d 857) where a one-way screen was employed that was specifically designed to enable the complaining witnesses to avoid viewing the appellant as they gave their testimony. "Although in the present case the angle of the witness chair [at the little table] did make it possible for the [children] to avoid looking directly into the eyes of the appellant[s], it was also possible that the [children] could see the appellant[s] with the mere turning of their head. . . . Not only did the appellant[s] have the opportunity to a thorough and sifting cross-examination of each victim, but the victims' in-court testimony occurred in view of the judge and jury, who were able to observe their demeanor and determine the credibility of their testimony." *Ortiz*, supra at 534. We find no evidence of record supporting a contention that the attorneys' ability to conduct cross-examination on their clients' behalf or their clients' ability to assist in

their own defense was in any way substantially impaired by an inability to see and hear the children *adequately* when they testified. Having found that no error occurred in seating the children at a round table with their foster parent standing behind them when they testified, we do not have occasion to test for harmless error. See generally *Coy*, supra, 101 LE2d at 867.

Appellant Frank O'Berry's assertion that the trial court erred in taking no corrective action regarding the prosecutor's statement during closing argument, concerning the reason the sheriff and foster parent stood behind the children, also is without merit. Appellants objected timely to the statement, but did not request a mistrial, a curative instruction, or a rebuke of counsel. See generally OCGA § 17-8-75. The trial judge responded to the objections of counsel by stating: "You've made your objection, don't be argumentative. *The objection is sustained. The statement was improper.*" (Emphasis supplied.) It is clear that the trial judge sustained the objection. Thereafter, counsel requested no further curative action. "This court has held that 'if the trial court is not requested to take further curative action (following an objection to . . . improper remarks by the prosecutor), this failure to act cannot be addressed on appeal as error, although the original improper statement may be examined for reversible error.'" *Oller v. State*, 187 Ga. App. 818, 823 (371 SE2d 455); see *Cherry v. State*, 174 Ga. App. 145 (2) (329 SE2d 580). We are satisfied that the statement, especially in view of the prompt action by the trial judge, did not constitute prejudicial error. Compare *Oller*, supra at 821-823. Appellant's assertion that the trial court "cut them off and refused to allow them to go further" in seeking relief from the prosecutor's improper statement is without merit. The record clearly shows that the appellants acquiesced in the trial court's ruling. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal." *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536).

The multiple assertions of error contained within this single enumeration of error are all without merit. The bar is strongly reminded that, pursuant to OCGA § 5-6-40, multiple errors shall not be asserted in a single enumeration.

6. Appellant Frank O'Berry asserts the trial court erred in allowing the State to ask questions of witnesses regarding the plea of guilty of a co-defendant, Wayne Sims, as such questions were irrelevant, inadmissible and prejudicial. We disagree. It is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories. That is, generally evidence should be admitted if it is admissible for any legitimate pur-

pose. *Orr v. Dawson Tel. Co.*, 35 Ga. App. 560 (2) (133 SE 924); see *Wyatt v. State*, 206 Ga. 613, 616-617 (57 SE2d 914); see also 1 Wigmore on Evid. 694, § 13. Further, "[a]dmission of evidence . . . rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion. . . . Georgia law favors admission of any relevant evidence no matter how slight its probative value." *Whisnant*, supra at 743 (1). In this instance, references to the Wayne Sims' guilty plea were inextricably connected with the prosecutor's questions relating to witness bias. "[E]xposing potential bias on the part of a witness and witness motivation for testifying, is a proper and important function of cross-examination. [Cit.] 'A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness *as they may relate directly to issues or personalities in the case at hand.*'" *Mulkey v. State*, 250 Ga. 444 (2) (298 SE2d 487). Considering the family relationship of the defendant parents, the victims, the concerned witnesses and Wayne Sims, the co-defendant, and the direct and pointed nature of the questions asked, we find that the trial judge did not abuse his discretion in allowing the questions and in denying appellants' motion for mistrial. Moreover, under the operative facts of this case, we are satisfied that the probative value of the questions in regard to the witnesses' bias outweighed any potential for prejudice to the appellants.

7. Appellant Frank O'Berry asserts that the trial court erred in refusing to allow appellant to view the video tapes, and by refusing to make an in camera inspection or to order the tapes sealed and made a part of the record. This enumeration of error is without merit. See Section II, Division 2, above.

8. Appellant Frank O'Berry asserts that the trial court erred in denying appellants' motion to suppress evidence through an illegal search and seizure. The trial court denied appellants' motion to suppress on the grounds the motion failed to establish the facts relied upon to show that the search and seizure were illegal or that the warrant was insufficient, citing *Cadle v. State*, 131 Ga. App. 175 (205 SE2d 529).

OCGA § 17-5-30 establishes the statutory procedure which must be followed to suppress as evidence anything obtained as a result of an unlawful search or seizure on certain specified grounds, including the grounds that "[t]he search and seizure with a warrant was illegal because the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, or the warrant was illegally executed." OCGA § 17-5-30 (a) (2). OCGA § 17-5-30 (b) expressly requires that the "motion [to suppress] shall be in writing *and state facts showing* that the search and seizure were unlawful." (Emphasis

supplied.) See generally *State v. Slaughter*, 252 Ga. 435, 438 (315 SE2d 865); *Hunter v. State*, 249 Ga. 114 (2) (288 SE2d 214); *Smith v. Hopper*, 240 Ga. 93 (3) (239 SE2d 510); *State v. Blosfield*, 165 Ga. App. 111 (2) (299 SE2d 588); *Cadle*, 131 Ga. App., supra. Compare *Lavelle v. State*, 250 Ga. 224 (3) (297 SE2d 234) (use of negative facts permissible with respect to warrantless searches); accord *Slaughter*, supra at 438, n. 3. Moreover, our Supreme Court has held that "all motions to suppress [evidence obtained during an unlawful search or seizure whether based on statutory or non-statutory grounds] should be governed by OCGA § 17-5-30 (Code Ann. § 27-313) . . . to the extent possible." *Slaughter*, supra at 439. Thus, all motions to suppress, whether based on statutory or non-statutory grounds must " 'state facts' " and not merely "conclusions." See *Slaughter*, supra at 439, n. 5.

The motion to suppress pertinently states: "I hereby move to suppress any evidence obtained pursuant to a search of the home of Frank & Donna O'Berry due to such search being illegal and the search warrant being obtained without just or probable cause. Also, the warrant shows on its face that the warrant was issued without probable cause & all evidence seized thereby was illegal & should be suppressed."

We find that the trial judge correctly concluded that the motion to suppress did not state facts showing that the search and seizure were illegal. Rather the motion contains only a series of conclusions unsupported by statements of fact. Accordingly, the motion did not meet the statutory requirements of OCGA § 17-5-30 (b), and the trial court did not err in its disposition of the motion. *Smith*, supra at 95; *Hayes v. State*, 168 Ga. App. 94 (4) (308 SE2d 227); *West v. State*, 146 Ga. App. 120 (1) (245 SE2d 478); *Cadle*, 131 Ga. App., supra; compare, *Mosier v. State*, 160 Ga. App. 415 (287 SE2d 357).

Appellant cites this court to the second *Cadle* case, *Cadle v. State*, 136 Ga. App. 232 (221 SE2d 59), and thereafter argues that the court erred in not allowing him to proceed on the substantive merits of his suppression motion. For reasons above discussed, we are satisfied the court did not err; for applicability of *Cadle*, 136 Ga. App. 232, to the case sub judice, see Section IV, Division 11 below. Appellant's enumeration of error is without merit.

## IV. A89A0159. Donna O'Berry v. The State

9. Appellant Donna O'Berry asserts that the trial court erred in refusing to allow her to hear certain recorded video tapes of prior statements by the children, which would be exculpatory or mitigating. This enumeration of error is without merit. See Section II, Division 2.

10. Appellant Donna O'Berry asserts that the trial court erred in

admitting inadmissible evidence and allowing such evidence to go to the jury. Appellant states that this motion is based upon the evidence which was allowed to go to the jury after the trial court denied her motion to suppress, "all as set forth" in her third and final enumeration of error, Division 11, below. Accordingly, any issue potentially contained within this broad enumeration of error as to which there has not been any argument or citation of authority made in appellant's brief, is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Melton v. Gilleland & Sons*, 176 Ga. App. 390 (1) (336 SE2d 315). Appellant's enumeration of error is without merit. See Section III, Division 8, above and Section IV, Division 11, below.

11. Appellant asserts that the trial court erred in denying her motion to suppress evidence obtained through an improper and illegal search warrant. We disagree.

For reasons stated in Section III, Division 8, above, we find the trial court did not commit error by its disposition of appellant's motion to suppress.

However, appellant also asserts that the trial court erred in failing to grant co-counsel's request for "additional time to perfect the record in order that the motion [to suppress] could be amended."

In *Cadle*, 136 Ga. App., supra at 233, we held that "the trial court erred *in refusing to allow appellant to amend his motion to suppress* and thereafter consider the motion on its substantive merits." (Emphasis supplied.) We find that *Cadle*, 136 Ga. App., supra, is distinguishable from the facts of this case.

The trial transcript reflects that following the trial court's ruling declining to hear the motion to suppress on its substantive merits, counsel made the following oral motion: "We ask for additional time to perfect that record." A request for a *continuance* to *perfect* the record does not inherently include a request to *amend* a suppression motion. Accordingly, we find that unlike *Cadle*, 136 Ga. App., supra, the trial court has not denied a timely and specific motion by appellant to amend a suppression motion.

Further, "[a] motion for continuance based on insufficient time of counsel to prepare for trial addresses itself to the sound discretion of the trial judge and the denial of such a motion will not be interfered with unless the court has abused its discretion." *Johnson v. State*, 182 Ga. App. 477 (3) (356 SE2d 101). "The judge has discretion in regulating and controlling the business of the court and an appellate court should never interfere with the exercise of this discretion unless it is plainly apparent that wrong has resulted from its abuse." *Sanders v. State*, 182 Ga. App. 581, 585 (356 SE2d 537).

The transcript reflects that the trial judge allowed appellants to file their suppression motion even though certain State's witnesses already had testified on the merits of the prosecution's case, that the

parties were granted approximately an hour and thirty minutes to prepare for the motion, that appellants were provided with a copy of the search warrant before the trial court's ruling, that all appellants joined in the motion as written, and that the trial judge ascertained on the record the appellants were ready to proceed on the motion as written. Only after the trial judge ruled the suppression motion was fatally deficient did appellants attempt to obtain additional *time* to perfect the record.

We find that under these circumstances the trial court judge did not abuse his discretion, and did not err in denying appellant's motion for "additional time."

The remaining assertions of error of each appellant have been reviewed and are without merit.

*Judgments affirmed. Deen, P. J., and Benham, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

While I concur fully with the majority opinion, additional comments are appropriate.

The crimes of aggravated child molestation and enticing a child for indecent purposes, under the facts of this case, include infliction of both mental and physical pain and abuse of the two young children. A micro, modicum, or major part of motivational manipulation of the molestation modus, relating to the mental aspects, is the obvious operandi of obsession with the obscene magazines and other material evident in this case. Introduced into evidence and before the jury were books included in the lengthy transcript amounting to almost a thousand pages. These massive magazine materials include close-up pornographic photographs with stimulating and sensuous sexually suggestive titles, which will not be here enumerated.

The production and providing of pornographic photography promoting permissiveness and perversion pointing to mental pain and abuse is no less pertinent than physical abuse portions and ingredients of the aggravated child molestation charges and enticing a child for indecent purposes, as perpetrated against the eight-and nine-year-old children in this case.

DECIDED JUNE 27, 1989

*John R. Thigpen, Sr.*, for appellant (case no. A89A0157).
*M. C. Pritchard*, for appellant (case no. A89A0158).
*Jeffrey S. Parker*, for appellant (case no. A89A0159).
*Harry D. Dixon, Jr., District Attorney, Margaret M. Edwards,*

*Assistant District Attorney*, for appellee.