A91A1935. DAVIS et al. v. THE STATE.
(416 SE2d 789)

POPE, Judge.

Defendants were convicted by a jury of trafficking in cocaine. They appeal their convictions and the denial of their motion for new trial.

On May 1, 1990, law enforcement officers executed a search warrant on the residence of defendants Harold J. Davis and his wife Willie B. Davis. Neither defendant was present during the search. Approximately 36 grams of cocaine were found in various locations in the master bedroom of defendants' home along with $3,100 in U. S. currency. The predicate for the search warrant was an affidavit from an assistant district attorney alleging that a high school student possessing crack cocaine had told law enforcement authorities he had obtained the cocaine from defendants' son. The affidavit further stated that defendants' son told the student that his father had a substantial quantity of cocaine at their home. On appeal defendants are represented by different defense counsel.

1. Defendants first argue the evidence was insufficient to support their convictions because their son had equal access and opportunity to commit the crime. However, the equal access rule does not apply when " 'contraband is not in an open, notorious and equally accessible area.' [Cit.]" *Brown v. State*, 190 Ga. App. 324, 327 (4) (378 SE2d 908) (1989). In the present case, cocaine was found in the pocket of a man's shirt in a closet off the master bedroom, on a shelf in the same closet, in pockets of shirts in a chiffarobe in the master bedroom, in a bag underneath a chest of drawers in the master bedroom and in a prescription bottle bearing Willie Davis' name discovered in a drawer. Thus, none of the contraband was in an open, notorious and equally accessible area.

Moreover, defendants failed to present affirmative evidence at trial showing their son had equal access to the areas where the contraband was found. Instead, defendants alleged that law enforcement officials executing the search warrant planted the cocaine in their bedroom. Thus, we must reject defendants' argument that the evidence was insufficient to support their convictions. *Nelson v. State*, 199 Ga. App. 487 (1) (405 SE2d 310) (1991). We conclude that ample evidence was presented to enable a rational trier of fact to find defendants guilty of the offense of trafficking in cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendants next contend the trial court erred in dismissing their motion to suppress evidence obtained through an improper and illegal search. Defendants timely filed their motion on June 25, 1990, during their arraignment. On September 24, 1990, during the hearing on the motion to suppress, the State orally moved to dismiss defendants' motion on the ground that it failed to state reasons or facts showing the search was illegal, as required by OCGA § 17-5-30. After noting that the motion to suppress failed even to mention that the allegedly unlawful search was conducted pursuant to a search warrant, the trial court dismissed defendants' motion to suppress.

"[A]ll motions to suppress, whether based on statutory or non-statutory grounds must state facts and not merely conclusions. [Cit.]" (Punctuation omitted.) *Boatright v. State*, 192 Ga. App. 112, 118 (8) (385 SE2d 298) (1989). Because defendants' motion to suppress failed to state any facts alleging why the search and seizure were illegal, the trial court did not err in dismissing the motion. *Taylor v. State*, 197 Ga. App. 678 (1) (399 SE2d 213) (1990).

3. Immediately after the trial court dismissed defendants' motion to suppress, defense counsel asked the court to allow defendants the right to amend the motion because defendants were only able to get witnesses to talk to them during the week preceding the hearing. Based upon these interviews, defendants now had specific grounds for attacking the search warrant. The trial court rejected defendants' argument because defense counsel admitted during the hearing that the interviews with the witnesses had taken place almost one week earlier and defense counsel had not taken any steps to amend the motion until after it was dismissed at the hearing. Additionally, the evidence before the trial court indicated the search warrant and affidavit had been on file since May 3, 1990, and defendants had access to all the information contained therein during the months preceding the hearing. Defendants now raise as error the trial court's refusal to allow the motion to suppress to be amended.

Relying on *Cadle v. State*, 136 Ga. App. 232 (1) (221 SE2d 59) (1975), defendants contend they have an absolute right to amend a motion to suppress at any time prior to trial. However, defendants' reliance on *Cadle* is misplaced because *Cadle* was decided prior to the enactment of Uniform Superior Court Rule 31.1 providing that criminal pretrial motions must be made and filed at or before time of arraignment, unless a written extension of time is given by the trial court before trial. *Mills v. State*, 187 Ga. App. 79 (2) (369 SE2d 283) (1988). In the present case, defendants' motion to suppress was timely filed at defendants' arraignment but was subsequently dismissed because it was legally defective. Whether defendants were to be afforded an opportunity to file a second, untimely motion to suppress was at the discretion of the trial court. *State v. Grandison*, 192 Ga. App. 473,

474 (385 SE2d 139) (1989). This discretion will not be disturbed on appeal absent abuse. *Hall v. State*, 181 Ga. App. 92 (1b) (351 SE2d 236) (1986). In our view, defendants have failed to show an abuse of the trial court's discretion in denying the request for leave to file the untimely motion to suppress. Accordingly, this enumeration of error is without merit.

4. Despite the trial court's refusal to allow defendants the right to amend their motion to suppress, defendants filed a second motion to suppress on October 15, 1990, setting forth in detail the portions of the district attorney's affidavit which they alleged to be false. On October 22, 1990, at the hearing on the second motion to suppress, the State made an oral motion to dismiss defendants' motion on the ground that it was untimely filed under Uniform Superior Court Rule 31.1. The trial court granted the motion to dismiss; and defendants filed a motion for reconsideration of their motion to suppress which was denied by the trial court on January 3, 1991. Defendants now enumerate as error the trial court's dismissal of the second motion to suppress.

As discussed in Division 3 of this opinion, Uniform Superior Court Rule 31.1 requires a motion to suppress to be filed at or before arraignment unless a written extension has been granted by the trial court. Because the trial court granted no such extension in this case, the trial court did not err in dismissing defendants' second motion to suppress. *Grandison v. State*, 200 Ga. App. 309 (4) (408 SE2d 135) (1991); *Lazarz v. State*, 187 Ga. App. 107 (369 SE2d 355) (1988).

5. Defendants also argue that the trial court's consideration of the State's oral motions to dismiss the first and second motions to suppress violated their right to due process under the Fourteenth Amendment. Defendants acknowledge that OCGA § 17-5-30, which requires a motion to suppress to be in writing, contains no similar provision which would require a motion to dismiss by the State also to be in writing. Defendants have found no other authority which would require a State's motion to dismiss to be in writing, nor has our research disclosed any such rule. This court has previously recognized that motions in limine made by the State need not be in writing. See *Brown v. State*, 192 Ga. App. 864 (2) (386 SE2d 734) (1989). We see no reason why motions to dismiss made by the State should not be treated similarly.

We reject defendants' argument that the trial court's consideration of the oral motions to dismiss violated their Fourteenth Amendment right to notice and due process. Defendants' first motion to suppress was, on its face, legally deficient. Defense counsel knew or should have known that an objection by the State to the boilerplate form was imminent. Moreover, defendants filed their second motion to suppress after the trial court specifically ruled it was not going to

allow defendants to amend their first motion to suppress. Defendants knew or should have known that the State would again voice an objection to the untimely motion. We therefore conclude that defendants' Fourteenth Amendment rights to due process were not violated in this case.

6. Defendants lastly enumerate as error the trial court's refusal to compel Sheriff Higgs, a witness for the State, to provide the name of the juvenile whose statements allegedly formed a part of the basis of the State's case. Defendants allege that this refusal was a violation of their confrontation rights under the Sixth Amendment.

Our review of the transcript reveals that during defendants' cross-examination of Sheriff Higgs, the sheriff mentioned that another juvenile at the high school had been found in possession of cocaine on the day preceding the issuance of the search warrant. The sheriff refused to provide the name of the juvenile unless he was directed to do so by the trial court. Defense counsel moved the trial court to direct Sheriff Higgs to provide the name of the juvenile, and after defense counsel argued why they believed the juvenile's name was critical to the cross-examination of the sheriff, the trial court stated: "I'm going to deny your request at this time. You may make your motion at a later time if you decide to renew it, but right now I'm not going to grant it." Our review of the transcript reveals that defense counsel failed to renew the motion although the cross-examination of the sheriff continued for a considerable time thereafter. It is a well settled rule that a litigant cannot submit to the ruling of a trial court or otherwise acquiesce in the holding or response and then complain of the same on appeal. See *Wilburn v. State*, 199 Ga. App. 667 (2) (405 SE2d 889) (1991). Because defendants failed to renew their motion, we need not consider this enumeration of error on appeal. We also note that any error on the part of the trial court would be harmless error because it appears that defense counsel already knew the name of the juvenile referred to by the sheriff, and the juvenile was present in court as a witness.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 26, 1992 —
RECONSIDERATION DENIED MARCH 11, 1992 — ▮▮▮▮▮

*Calhoun & Associates, John R. Calhoun, Gregory N. Crawford*, for appellants.

*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assistant District Attorney*, for appellee.