A11A2425. JONES v. THE STATE.
(722 SE2d 918)

BARNES, Presiding Judge.

Following a bench trial at which he stipulated to the evidence presented at the motion to suppress hearing, William David Jones was convicted of DUI-less safe, DUI-per se, and driving without a license on his person. The trial court denied his motion for new trial, and on appeal Jones contends that the trial court erred in denying his motion to suppress because the police lacked articulable suspicion or probable cause to stop his vehicle. Following our review, we affirm.

Because the trial court sits as the trier of fact when ruling on a motion to suppress or a motion in limine, its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. When we review a trial court's decision on such motions to exclude evidence, we construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. With mixed questions of fact and law, the appellate court accepts the trial court's findings

on disputed facts and witness credibility unless clearly erroneous, but independently applies the legal principles to the facts.

(Citations and punctuation omitted.) *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005).

Viewed in this light, the evidence at the motion to suppress hearing reflects that at approximately 12:22 a.m., Dawson County sheriff's deputies were dispatched to a residence after receiving a 911 call about a domestic disturbance. The caller gave his name and address, and reported that the fight was from the residence "to the right of" 131 Concord Drive. While the deputies were en route to the scene, the dispatcher informed them that the neighbor had called back and reported that shots had been fired. When the first deputies arrived at approximately 12:29 a.m., one of them observed a truck pulling out of a driveway, and radioed that the "vehicle [is] pulling out of the driveway."

Another responding deputy who was in the neighborhood observed a truck from about 500 to 600 feet away pulling out of a driveway. The deputy testified that, although he did not verify that the truck was leaving the driveway of the address at issue, there were no other vehicles pulling out of driveways in the vicinity.

The deputy initiated a stop of the truck, and asked the driver, who was later identified as Jones, to step out of the vehicle. The officer noticed that Jones was unsteady on his feet, had watery and bloodshot eyes, slurred and incoherent speech, and had the strong order of alcohol on his person. He conducted a series of field sobriety tests and an alco-sensor test, and based on the results, Jones was arrested and charged with the above-mentioned offenses. Jones filed a motion to suppress, arguing that he was stopped and detained without probable cause or articulable suspicion that he was engaged in or about to be engaged in criminal activity. The trial court denied the motion, and Jones thereafter was convicted of the charged offenses. He now appeals.

On appeal, Jones contends that the trial court erred in ruling that the officer had probable cause or articulable suspicion to stop his vehicle because, among other things, there was no description of the suspect or vehicle, the area was densely populated and the split driveway serviced several homes, and there was no testimony about the elapsed time between the alleged crime and when his vehicle was stopped. Upon our review, we affirm.

Police officers may conduct a brief investigative stop of a vehicle only if such a stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. *Raulerson v. State*, 223 Ga. App. 556, 557 (2) (479 SE2d 386) (1996). While this

suspicion need not rise to the standard of probable cause, it must be more than mere caprice or a hunch or an inclination. Id.

> To establish the necessary reasonable suspicion to make an investigative stop, the totality of the circumstances must show that the officer had specific and articulable facts which, taken together with rational inferences from those facts, provided a particularized and objective basis for suspecting the particular person stopped of criminal activity.

(Citation and punctuation omitted.) *Rolfe v. State*, 278 Ga. App. 605, 606 (630 SE2d 438) (2006).

> This totality of the circumstances test consists of two elements: (1) The determination must be based upon all the circumstances gathered from objective observations, information from police reports, if such are available, and consideration of the modes or patterns of operation of certain kinds of lawbreakers. The trained police officer makes a determination from these data — this determination can be based upon inferences and deductions that might well elude an untrained person. In reaching such deductions, police officers are authorized to make common sense conclusions about human behavior. Additionally, the evidence must be viewed from the perspective of what action a reasonable police officer would take. (2) The second element which must be present before a stop is permissible requires that during the process of analyzing the facts as described in the first element, a suspicion must arise that the particular individual being stopped is engaged in wrongdoing.

(Citations, punctuation and footnotes omitted.) *State v. Causey*, 246 Ga. App. 829, 832-833 (1) (b) (540 SE2d 696) (2000), citing *United States v. Cortez*, 449 U. S. 411, 417-418 (II) (A) (101 SC 690, 66 LE2d 621) (1981). The "totality of the circumstances" test "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." (Punctuation omitted.) *Howard v. State*, 265 Ga. App. 835, 836-837 (595 SE2d 660) (2004), citing *United States v. Arvizu*, 534 U. S. 266, 273 (122 SC 744, 151 LE2d 740) (2002). This information must provide "some basis from which the court can determine that the detention was not arbitrary or harassing." *Buffington v. State*, 228

Ga. App. 810, 811 (492 SE2d 762) (1997).

Here, it was reasonable for the deputy to infer, based on his training, experience, and common sense, that upon arriving in the vicinity of the area where law enforcement was dispatched because of a domestic disturbance and shots fired, and being informed by another deputy that the vehicle was pulling out of the driveway, and seeing only Jones's vehicle pulling out of a driveway, that Jones might have been involved in criminal wrongdoing, specifically the incident under investigation. Under the totality of circumstances, the stop was neither arbitrary nor harassing, but was based on a founded suspicion of criminal activity. Jones does not challenge the validity of the subsequent DUI investigation, which ultimately resulted in his arrest. Therefore, the trial court did not err in denying Jones's motion to suppress, and his conviction is affirmed.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED FEBRUARY 13, 2012.

*Philip P. Pilgrim, Jr.*, for appellant.
*Lee Darragh, District Attorney, Conley J. Greer, Assistant District Attorney*, for appellee.