**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**July 5, 2012**

# In the Court of Appeals of Georgia

A12A0252. THE STATE v. MOJICA.

MIKELL, Presiding Judge.

Norberto Mojica was indicted on the charges of kidnapping with bodily injury, robbery by force, aggravated assault, and two counts aggravated battery for the workplace assault of Dana Raissian. After three mistrials, the trial court granted Mojica's third motion to reconsider the denial of his motion to suppress identification on constitutional grounds and suppressed the identification. Pursuant to OCGA § 5-7-1 (a) (4), the state appeals. Finding no error, we affirm.

When reviewing the denial of a motion to suppress, three rules apply:

First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by the reviewing court if there is any

evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. Because there was testimonial evidence in this case, we do not apply a de novo standard of review.[1]

The evidence adduced at the motions hearings and the three trials[2] shows that Raissian was working after hours in her office when she noticed Mojica, an employee of the office building's cleaning service, walk through her office to reach a filing area behind that office. Later that evening, as Raissian walked down the hall from her office to the printer, she was startled to see the same man in her peripheral vision, but then calmed down once she recognized him as a cleaner. As she turned to look back, the man told her "I need you to cooperate with me" and dragged her into a dark office where she was choked until she passed out.

When she regained consciousness, Raissian was back in her own office. She had been badly beaten: her left scapula was broken, her jaw was broken in two places,

---

[1] (Footnote and emphasis omitted.) *Ware v. State*, 309 Ga. App. 426 (710 SE2d 627) (2011).

[2] In reviewing a trial court's decision on a motion to suppress, we consider all relevant evidence of record, including evidence introduced at the motion hearings and at trial. See *Pittman v. State*, 286 Ga. App. 415, 416 (650 SE2d 302) (2007).

teeth were missing, her ear was ripped, and she had a subarachnoid hemorrhage in her brain.

Office building Security Officers Phillip Walker, Brent Reid and Antonio Berrian were the first to reach the victim and began to question her about the attack. Raissian described her attacker as a tall, Hispanic male with a moustache and broad shoulders, wearing an apron. She indicated that it was the same person who cleaned her floors earlier that evening.

Atlanta Police Department Officer Drew Behry then arrived on the scene. The building cleaning crew supervisor, Gloria Pascoe, was present when Officer Behry questioned Raissian. Pascoe did not hear all of Raissian's description, but after hearing that the attacker was cleaning near Raissian's office, she went downstairs to retrieve Mojica's worker identification badge and gave it to Officer Behry. Raissian was placed on a gurney by EMT personnel, and, as she was waiting by the elevators to leave, Officer Behry showed the identification badge to Raissian and asked her if she recognized the person as her attacker. Raissian said it was and that she recognized him as the man who cleaned her floor earlier.

Pascoe ordered all Hispanic male cleaners to remain at work for questioning that evening, but Mojica left with his girlfriend, who testified at trial that he made her leave with him and their young child and go to Chicago that evening to avoid arrest.

There have been three jury trials in this case, each resulting in a mistrial. Before the first jury trial, the first trial judge, in the Fulton County Superior Court, denied a motion to suppress Raissian's identification of Mojica's identification badge. The first judge presided over the first two mistrials. Before the third trial, the first judge denied reconsideration of the motion to suppress and another judge was brought in to preside over the third trial of the case, which also resulted in a mistrial. A second motion to reconsider the denial of the motion to suppress was denied by the second judge prior to the third jury trial. After the third trial, the first judge, now acting in senior status, granted Mojica's third motion to reconsider the denial of the motion to suppress, holding that additional evidence presented during the three trials convinced her that the identification was impermissibly suggestive.

1. In its second enumeration of error, the state argues that the trial court erred in finding that the Raissian's identification of Mojica by only looking at his worker identification badge was impermissibly suggestive and in granting Mojica's third motion for reconsideration. We disagree.

Assuming that Raissian's identification of Mojica's worker identification badge was impermissibly suggestive,[3] the issue is whether, under "the totality of the circumstances, there was a substantial likelihood of irreparable misidentification."[4] To evaluate that likelihood, we consider the following factors: "(1) the witness' opportunity to view the criminal during the crime; (2) the witness' degree of attention; (3) the accuracy of any prior description given by the witness; and (4) the length of time between the crime and the showup confrontation."[5] Further, as stated above, "in evaluating these factors, the trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence. Where evidence supports the trial court's ruling, we will not disturb that ruling."[6]

---

[3] This Court has held that showing suspects singly to a witness for identification purposes, as was done in this case, is inherently suggestive. See *Anderson v. State*, 265 Ga. App. 428, 431 (3) (A) (594 SE2d 669) (2004).

[4] (Footnote omitted.) *Jones v. State*, 273 Ga. 213, 216 (2) (539 SE2d 143) (2000).

[5] (Citation and punctuation omitted.) *Leeks v. State*, 309 Ga. App. 724, 727 (2) (710 SE2d 908) (2011). Accord *Neil v. Biggers*, 409 U. S. 188, 199-200 (III) (93 S C 375, 34 LE2d 401) (1972). Contrary to appellant's argument, the totality of the circumstances analysis applies to the circumstances surrounding the victim's identification of defendant, and does not refer to other evidence which may tend to indicate that the accused is the perpetrator of the offense. See *Neil,* supra.

[6] (Punctuation and footnote omitted.) *Jones*, supra at 216 (2).

5

Because Raissian's testimony that she had the opportunity to see her attacker in the lighted hallway prior to her attack conflicts with testimony from responding officers who interviewed her directly after the attack when she said that she had been grabbed from behind ; because Raissian did not have the opportunity to see her attacker during the assault since they were in a darkened office and her attention was focused on her own survival ; because the ER physician who treated Raissian testified that the injury to her brain could have caused memory loss ;and because several cleaners working at the building that evening fit Raissian's description of a tall, broad-shouldered Hispanic male; we cannot conclude that the trial court erred in ruling that there was a substantial likelihood of misidentification. Accordingly, we conclude that the trial court did not err in granting the motion to suppress.[7]

2. In its first enumeration of error, the state argues that the trial court erred in considering Mojica's third motion for reconsideration because it was untimely filed and out of term.

(a) The state does not contest that Mojica's original motion to suppress was timely filed, arguing instead that the trial court erred in considering Mojica's second

---

[7] Compare *Jackson v. State*, 260 Ga. App. 848, 850-851 (3) (581 SE2d 382) (2003) (evidence of one-on-one showup was admissible where the five factors of *Neil v. Biggers* were amply demonstrated).

and third motions for reconsideration because they were filed outside the time period proscribed by OCGA § 17-7-110. OCGA § 17-7-110 requires that "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."[8] Mojica filed his second motion for reconsideration prior to the third jury trial, which ultimately ended in a mistrial, and his third motion for reconsideration prior to the fourth trial. The trial court granted the third motion for reconsideration.

Whether Mojica was to be afforded an opportunity to file for reconsideration of the original motion to suppress outside the time proscribed by OCGA § 17-7-110 was at the discretion of the trial court.[9] "This discretion will not be disturbed on appeal absent abuse."[10] Because "a court retains broad discretion over interlocutory evidentiary rulings which may be modified at any time until entry of final

---

[8] Uniform Superior Court Rule 31.1 is in conflict with OCGA § 17-7-110 regarding whether the trial court must issue a written extension of time to file. Rule 31.1 provides the time to file motions may not be extended unless a *written* extension of time is given by the trial court before trial, while OCGA § 17-7-110 does not have a writing requirement. Nevertheless, because Uniform Superior Court Rule 1 states that the Superior Court Rules "shall yield to substantive law" in case of conflict, we will treat OCGA § 17-7-110 as controlling authority.

[9] *Davis v. State*, 203 Ga. App. 315, 316 (3) (416 SE2d 789) (1992).

[10] (Citation omitted.) Id. at 317 (3).

judgment[,]"[11] we find that the trial court did not abuse its discretion in considering Mojica's second and third motions to reconsider.

(b) The state next contends that the trial court did not have the authority to revoke the denial of the motion to suppress after the court term had expired. Generally, in criminal cases, "a trial court's inherent power to revoke interlocutory rulings . . . ceases with the end of the term."[12] However, an exception to this rule is when the evidentiary posture of the issue has changed.[13] "Where a case remains pending in the trial court across terms, although there are certainly interests in not relitigating the same issues between the same parties or undermining vested interests

---

[11] (Citation omitted.) *Ritter v. State*, 272 Ga. 551, 553 (2) (532 SE2d 692) (2000).

[12] (Citations omitted.) *Moon v. State*, 287 Ga. 304 (696 SE2d 55) (2010). Accord *Chastain v. State*, 158 Ga. App. 654, 655 (281 SE2d 627) (1981) (trial court had authority to set aside its original motion to suppress order upon motion for reconsideration, but only "so long as the order is vacated within the term").

[13] See *Moon v. State*, 287 Ga. 304, 309 (2) (696 SE2d 55) (2010) (Nahmias, J., concurring); *Tucker v. State*, 231 Ga. App. 210, 213 (1) (b) (498 SE2d 774) (1998) (trial court had authority to reconsider its previous ruling in response to a renewed suppression motion based upon additional evidence).

in initial rulings, those interests are weakened where the trial court realizes, on motion for reconsideration, . . . that it has made an error."[14]

In the present case, the evidentiary posture changed during the three trials which preceded the grant of the motion for reconsideration. When the motion to suppress was initially heard on November 26, 2008, the only witnesses who testified were Raissian, Officer Bahry, and Gloria Pascoe. In its orders granting the motion to reconsider, the trial court noted that it was convinced by additional evidence presented during the course of the three jury trials that its denial of Mojica's motion to suppress was in error. This evidence includes testimony from an expert witness during the third trial that Raissian's injuries could have caused memory and vision loss, conflicting statements made by Raissian regarding the circumstances of her attack, and testimony from Investigator Burton during the third trial that she did not use a later photo lineup because she was concerned the victim might not pick the right victim.

Because the evidentiary posture has changed, we find that the trial court did not err in considering Mojica's second and third motions for reconsideration out of term.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[14] *Moon*, supra at 306 (J. Nahmias, concurring).