**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 15, 2013**

# In the Court of Appeals of Georgia

A13A1179. MASTROGIOVANNI v. THE STATE.

BARNES, Presiding Judge.

Following a bench trial, Ronald Mastrogiovanni was convicted of 11 counts of sexual exploitation of children. Following the denial of his motion for new trial, he appeals and contends that the trial court erred in finding that Mastrogiovanni voluntarily and knowingly waived his right to a jury trial, and that trial counsel was ineffective. Upon our review, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence."*Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). The evidence in this case demonstrates that Mastrogiovanni's arrest resulted from a tip that the Georgia Bureau of Investigation received from the National Center for Missing and Exploited Children (the "Center"). AOL had forwarded an email

message with an imbedded image depicting apparent child pornography to the Center, which forwarded the information to the GBI's Internet Crimes Against Children Unit. The email account was traced to Mastrogiovanni, and after police executed a search warrant at his house, they discovered multiple images of child pornography on his personal computer. Mastrogiovanni was arrested and later indicted on 11 counts of sexual exploitation of children. After a bench trial, he was found guilty of all counts and sentenced to 20 concurrent years on each count. Although Mastrogiovanni does not challenge the sufficiency of the evidence against him, a review of the record establishes that the evidence was sufficient to authorize the fact-finder to find him guilty of all counts charged. *Haynes v. State*, 317 Ga. App. 400, 401 (1) (731 SE2d 83) (2012).

1. Mastrogiovanni first contends that he did not personally, knowingly, voluntarily, and intelligently waive his constitutional right to a trial by jury.

> A defendant's right to trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive. A trial court should ask the defendant sufficient questions on the record so that the court can ensure the defendant's waiver is knowing, voluntary, and intelligent.

(Footnotes omitted.) *Watson v. State*, 274 Ga. 689, 691 (2) (558 SE2d 704) (2002). The State may meet its burden of showing that the "waiver was made both intelligently and knowingly by either . . . showing on the record that the defendant was cognizant of the right being waived; or . . . by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citation and punctuation omitted.) *Seitman v. State*, 320 Ga. App. 646 (740 SE2d 368) (2013). "We will affirm a trial court's decision that an appellant has validly waived his right to a jury trial unless the decision is clearly erroneous." (Citation and punctuation omitted.) *Jacobs v. State*, 299 Ga. App. 368, 370 (1) (683 SE2d 64) (2009).

Although Mastrogiovanni contends that the evidence does not show how he reached his decision to waive a jury trial, or that he appreciated the ramifications of his decision, there is no

> requirement that the trial court expressly inform the accused of those particular . . . issues which waiver of a jury trial will obviate. A defendant's consent need not be in a particular, ritualistic form. Since form is unimportant, the only real issue is whether appellant intelligently agreed to a trial without jury. The trial court need only conduct an inquiry of the accused on the record so as to ensure that the waiver is knowing, voluntary and intelligent.

3

(Citations and punctuation omitted.) *Brown v. State*, 277 Ga. 573, 574 (2) (592 SE2d 666) (2004).

Here, the evidence supports the trial court's finding in its order denying the motion for new trial that Mastrogiovanni knowingly and intelligently waived his right to a jury trial. Before the start of trial, Mastrogiovanni's trial counsel announced that he wanted to "put on the record . . . [Mastrogiovanni's ] waiver of a jury trial. " The following exchange then occurred:

> Counsel: I don't know if the Court wants to make an inquiry or not, but Mr. Mastrogiovanni and I discussed this case. . . . After a lengthy discussion, Mr. Mastrogiovanni and I have decided to – with his interests, he has decided to waive his right to a jury trial and receive before Your Honor a bench trial to try this case. Mr. Mastrogiovanni, is that true? You have been advised of your right to a jury trial?
>
> Mastrogiovanni: Yes, sir, I have.
>
> The Court: All right. Do you have any questions about that?
>
> Mastrogiovanni: No. sir.

At the motion for new trial hearing, Mastrogiovanni's trial attorney produced several notes he had made during the course of his representation in which he and

Mastrogiovanni had discussed having a bench trial rather than a jury trial. In his last notation four days before Mastrogiovanni's trial, trial counsel wrote that he had confirmed with Mastrogiovanni that he would be on trial in front of the judge, and had fully explained the process, including Mastrogiovanni's absolute right to a jury trial, and the differences between a jury trial and a bench trial.

Under these circumstances, the record shows that Mastrogiovanni knowingly and intelligently waived his right to a jury trial. See *Jacobs v. State*, 299 Ga. App. 368, 370 (1) (683 SE2d 64) (2009) (State may present extrinsic evidence showing valid waiver of right to jury trial, including testimony by defense counsel in motion for new trial hearing about his recollections); *Fleming v. State*, 282 Ga. App. 373, 376-377 (2) (638 SE2d 769) (2006) (State carried burden of proof regarding jury trial waiver with trial counsel's testimony at motion for new trial hearing regarding his discussions with appellant).

2. Mastrogiovanni also contends that his trial counsel was ineffective for failing to challenge the use of the search warrant as the basis for the full forensic search of his hard drive that was conducted later at the GBI facility.[1] He concedes that

---

[1] Mastrogiovanni did file a motion to suppress the evidence seized during the execution of the search warrant, which, following a hearing, the trial court denied.

the search warrant was executed at his house within 10 days after it was issued, as required by OCGA § 17-5-25, but argues that the subsequent forensic analysis of the seized computer took place more than 10 days after the warrant was issued. Thus, he concludes, the results of the analysis should be suppressed because they were obtained in a warrantless search. We do not agree.

> [T]o prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable and professional conduct. [As an appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). We need not address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either prong. *Ledford v. State*, 313 Ga. App. 389, 393 (4) (721 SE2d 585) (2011). "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective

6

assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation and punctuation omitted.) *Rivers v. State*, 283 Ga. 1, 5 (3) (b) (655 SE2d 594) (2008).

OCGA § 17-5-25 provides in pertinent part that, a "search warrant shall be executed within ten days from the time of issuance. . . . Any search warrant not executed within ten days from the time of issuance shall be void and shall be returned to the court of the judicial officer issuing the same as 'not executed.'" There is no dispute that the search warrant at issue was executed in Mastrogiovanni's house within the statutory time period. Mastrogiovanni's contention is that the computer that was seized during the search could not itself be "searched" without a warrant, and the 10-day period window defined by OCGA § 17-5-25 had expired before the forensic analysis took place.

Mastrogiovanni has cited no authority for the proposition that the analysis of items seized during the execution of a valid search warrant requires a second search warrant. We are aware of no authority for the proposition that items seized from the lawful execution of a search warrant must then be analyzed, tested, or examined within the ten-day period provided for in OCGA § 17-5-25. The State analogizes the forensic analysis of Mastrogiovanni's computer to the chemical analysis of

substances that field-tested positive for illegal drugs when seized pursuant to a search warrant. The State is not required to obtain a second warrant to analyze the substance or, for example, conduct ballistic tests on seized firearms. Similarly, the State is not required to obtain a second warrant to analyze the computer here. Thus, as Mastrogiovanni has failed to establish that a motion to suppress would have been granted on this ground, the trial court did not err in finding that trial counsel was not ineffective for failing to file a motion to suppress. See *Biggs v. State*, 281 Ga. 627, 631-632 (4) (b) (642 SE2d 74) (2007).

> *Judgment affirmed. Miller and Ray, JJ., concur.*