**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0550. HARVEY v. THE STATE.

MCFADDEN, Judge.

We granted interlocutory review of the trial court's order denying Roderick Harvey's motion to suppress evidence of a gun found on the ground five feet away from him during an encounter between him and police officers. He argues that the police detained him in violation of the Fourth Amendment. Finding no violation, we affirm.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous." *Wright v. State*, 294 Ga. 798, 801 (2) (756 SE2d 513) (2014) (citation and punctuation omitted). This "means that we sustain all of the trial court's findings that

are supported by any evidence." *Ansley v. State*, 325 Ga. App. 226 (750 SE2d 484) (2013) (citation omitted). Because, at the hearing on the motion to suppress, Harvey directly challenged the credibility of the police officer who allegedly illegally detained him, "we do not apply a de novo standard of review, which applies only where the facts are undisputed." Id. at 227 (citation omitted). Compare *State v. Underwood*, 283 Ga. 498, 500-501 (661 SE2d 529) (2008) (applying de novo standard where evidence is uncontroverted and credibility is not challenged). Moreover, "in reviewing a trial court's decision on a motion to suppress we may consider all relevant evidence of record, wherever located," *Tyre v. State*, 323 Ga. App. 37, 42 (4) (a) (747 SE2d 106) (2013) (citation and punctuation omitted), which in this case includes the transcript of an earlier bond hearing. See *Sanders v. State*, 235 Ga. 425, 431-432 (II) (219 SE2d 768) (1975) (testimony adduced at pre-trial commitment hearing could be considered in determining whether trial court erred in ruling on motion to suppress), superseded in part by statute on other grounds as noted in *State v. Dempsey*, 290 Ga. 763, 765 (1) (727 SE2d 670) (2012).

Construed most favorably to uphold the judgment, the evidence showed that around 1 a.m. on October 16, 2012, a man called 911, identified himself, and reported that his adult son had asked him to pick him up at a gas station and to come "ready

2

for trouble." The caller described his son as a white man, 44 years old, six feet one inch tall, with brown hair and brown eyes. A police officer responding to the "suspicious activity" call spotted three men near the gas station, walking on the road away from the station. One of the men was a white man who appeared to be about five feet eleven inches tall. The officer activated the blue lights of her patrol car and stopped next to the three men, one of whom was Harvey. The officer testified that she stopped "because I thought I saw someone who matched the description of the son that the father had provided to the 911 call-taker." She also testified that she believed the dispatch "said something about a group of males – or a group of people, I believe, and I didn't know if this was part of the group."

The officer asked the men where they had been and they responded that they had been at the gas station. She attempted to determine if they either were or were familiar with the 911 caller's son. She also asked for their identification. Harvey did not have identification but provided his name. The officer asked the men to sit on the curb while she checked this information in her patrol car. As she did so, another officer arrived and spotted a silver handgun on the ground in a ditch about five feet behind the men. The officers separated and handcuffed the three men.

3

One of the men then told the officers that he had been talking with Harvey and the other man about selling a cellular phone when Harvey pointed a silver gun at him, forced him to walk down the road with them, and demanded the phone. The other man confirmed that story. The officers arrested Harvey, and the state indicted him for kidnapping, criminal attempt to commit armed robbery, and aggravated assault.

Harvey moved to suppress evidence of the gun, arguing that its discovery was the fruit of an illegal detention in violation of the Fourth Amendment. The trial court denied the motion, and we granted Harvey's motion for interlocutory review of this ruling.

"Our Fourth Amendment jurisprudence recognizes three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause." *Walker v. State*, 323 Ga. App. 558, 558-559 (1) (a) (747 SE2d 51) (2013) (citation omitted).

Pointing to the officer's activation of her vehicle's blue lights as she approached the men and her request that they sit on the curb while she checked their names, Harvey argues that the trial court erred in ruling that the encounter was first

tier. Assuming without deciding that these actions by the officer escalated the encounter to second tier, however, the evidence showed a basis for the stop. "[A] temporary, investigative detention is reasonable if the officer is aware of specific and articulable facts which, taken together with rational inferences from those facts, provided a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Culpepper v. State*, 312 Ga. App. 115, 119 (717 SE2d 698) (2011) (citations and punctuation omitted). The officer in this case had been dispatched to investigate suspicious activity at a particular gas station involving a white man slightly over six feet tall and possibly other people. She testified that, on a road near the gas station, she saw a group of men that included a man she believed matched the description given in the suspicious activity call. Based on this evidence, the officer had a reasonable, articulable suspicion for making a second-tier, investigatory stop of the men. See *Kinsey v. State*, __ Ga. App. __, __ (1) (a) (__ SE2d __) (Case No. A13A2062, decided March 27, 2014) (totality of circumstances gave officers reasonable, articulable suspicion to make investigative stop where car and its occupants matched description given by dispatch of suspects involved in criminal activity at nearby apartment complex at time of day where there was very little traffic on road near complex). Compare *Walker*, 232 Ga. App. at 561 (officer

5

testified that he did not stop defendant based on any observation that defendant matched description of person involved in call to which officer was responding).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*