**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 19, 2015**

# In the Court of Appeals of Georgia

A15A0833. GONZALEZ v. THE STATE.

MCMILLIAN, Judge.

Edgar Yuri Gonzalez appeals the trial court's denial of his motion for new trial following his conviction on one count each of trafficking methamphetamine, possession of cocaine, possession of less than one ounce of marijuana, and driving on a suspended license. On appeal, Gonzalez argues that the trial court erred in refusing to hear his motion to suppress, which the court found to be untimely. Alternatively, if his motion was untimely, Gonzalez asserts that his trial counsel was ineffective in failing to file it in a timely manner. Finding no merit to either of these arguments, we affirm.

Viewed in the light most favorable to the verdict, the evidence at trial showed that on May 7, 2010, Detective Samuel Eaton of the Dalton Police Department was

attempting to serve a search warrant at the house located at 1420 Classic Chase Drive in Whitfield County (the "Residence"), when he noticed a woman at the curb and children, who were visibly upset, approaching her. He observed one of these children leaving the Residence as she approached the woman. After Detective Eaton learned that the woman had called police to report a domestic disturbance, he saw a man leave the Residence and drive away at a high rate of speed in a blue Dodge pickup truck, which was towing a utility trailer containing lawn equipment. Detective Eaton attempted to follow the truck and also sent a description of the vehicle to dispatch.

Meanwhile, Sergeant Chris Brunson of the Whitfield County Sheriff's Office had received a call on the domestic disturbance at the Residence. As he was en route to the scene, he received a report that the "subject" had left the Residence in a blue truck and detectives were following him. When Deputy Brunson spotted the truck, which Gonzalez was driving, he initiated a traffic stop to verify Gonzalez's involvement in the domestic report. Deputy Brunson asked Gonzalez enough questions to verify that he was at the Residence and was involved in the domestic disturbance. During the stop, Deputy Brunson also ran Gonzalez's license and discovered that it had been suspended. He then asked Gonzalez to step out of the car and placed him into custody.

Detective Eaton, who had arrived on the scene, read Gonzalez his rights. When the detective asked Gonzalez whether there was anything illegal in his truck, Gonzalez began to cry and told him that there were "six ounces" in a bag in his truck. A search of the truck resulted in the discovery of 115.46 grams of methamphetamine, 3.23 grams of cocaine, and less than one ounce of marijuana, resulting in the charges in this case.

On August 27, 2010, Gonzalez's counsel filed a motion to suppress, which stated in its entirety:

**MOTION TO SUPPRESS**

**COMES NOW** the Defendant in the above-styled case, by and through the undersigned counsel, and moves this Honorable Court to suppress the following:

1. Any and all evidence illegally obtained and/or seized by the State.

2. Any and all evidence of pre-trial and in-court identification of the Defendant.

3. Any and all statements made by the Defendant.

In support of said Motion, the Defendant asserts that the above-referenced evidence was obtained in violation of the laws of the United States and the State of Georgia.

Defendant expressly reserves the right to amend and supplement this motion as new facts and information become available through the State's responses to the Defendant's discovery requests, or otherwise.

**WHEREFORE,** the Defendant respectfully requests that this Honorable Court conduct a full and complete hearing regarding this Motion to Suppress and order the suppression of any evidence seized, obtained, or acquired in violation of the laws of the United States and the State of Georgia.

Gonzalez waived formal arraignment and pled not guilty to the charges on September 3, 2010.

Subsequently, at a calendar call on October 22, 2010, ten days prior to Gonzalez's trial, his counsel filed a motion to continue and tendered a more particularized motion to suppress. The State opposed the motion as untimely, noting that all the facts in the case had been developed through testimony presented at a July 23, 2010 probation revocation hearing for Gonzalez. Defense counsel explained, however, that she was waiting to determine whether a tape of the traffic stop existed

before amending Gonzalez's preliminary motion to suppress,[1] and she had just learned the day before that there was no tape. The trial court found that Gonzalez's preliminary motion was "pure boilerplate," with "no factual allegations in it whatsoever," and thus provided no "basis for rightful amendment." And the trial court determined that any question regarding the existence of a tape of the traffic stop was "a matter for the determination of the defense about whether it [wanted] to file" an amended motion, but it "[did] not provide a basis for allowing an untimely motion." Therefore, the trial court ruled that the amended motion to suppress would not be heard.

1. Gonzalez first contends that the trial court erred in refusing to hear his motion to suppress on the ground it was untimely. In its order denying Gonzalez's motion for new trial on this ground, the trial court reiterated its reasons for refusing to hear Gonzalez's motion to suppress, stating that the preliminary motion "was infirm for lack of specificity under OCGA § 17-5-30," and the proposed amended motion was untimely under OCGA § 17-7-110.

---

[1] The State asserted that Detective Eaton had testified at the revocation hearing that he had no tape, and he did not know if Deputy Brunson had a tape.

5

Under OCGA § 17-7-110[2] and USCR 31.1, a motion to suppress must be filed within ten days of the date of arraignment unless the trial court extends the time for filing the motion. "The purpose of [this] time requirement . . . is fundamental fairness to all parties and those who must attend trial. Failing to file a timely motion to suppress amounts to a waiver of even constitutional challenges." (Citations omitted.) *Hatcher v. State*, 224 Ga. App. 747, 748-49 (1) (482 SE2d 443) (1997). Thus, "[w]hether the motion [to suppress] has merit is not an issue; the rule does not apply only to non-meritorious motions." Id. at 749 (1). And where, as here, the defendant waives arraignment, "the ten-day period in which [the defendant] must file pretrial motions begins on the date that the waiver of arraignment is filed." *Bighams v. State*, 296 Ga. 267, 270 (2), n.4 (765 SE2d 917) (2014). Accordingly, because Gonzalez failed to move for and obtain an extension of time, the pretrial motions in this case should have been filed by September 13, 2010.

---

[2] OCGA § 17-7-110 provides, in pertinent part, that "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." And under USCR 31.1, "[a]ll motions, demurrers, and special pleas shall be made and filed at or before the time set by law unless time therefor is extended by the judge in writing prior to trial." See also *Davis v. State*, 272 Ga. 818, 819 (1) (537 SE2d 327) (2000) ("USCR 31.1 does not allow exceptions; its flexibility is provided by when and how an extension of time for filing may be granted.").

Moreover, OCGA § 17-5-30 (b) outlines the requirements for a motion to suppress. "The statutory provision mandates that a motion to suppress 'be in writing and *state facts* showing that the search and seizure were unlawful.' . . . Compliance with OCGA § 17-5-30 (b) is required because evidence exclusion is an extreme sanction and one not favored in the law." (Citations and punctuation omitted; emphasis supplied.) *Young v. State*, 282 Ga. 735, 735-36 (653 SE2d 725) (2007). Thus, "[a]ll motions to suppress, whether based on statutory or non-statutory grounds must state facts and not merely conclusions." (Citation and punctuation omitted.) *Davis v. State*, 203 Ga. App. 315, 316 (2) (416 SE2d 789) (1992).

Although Gonzalez's original motion was timely, actually pre-dating the waiver of arraignment, it failed to provide any factual statement, much less any factual support for the arguments he raised in his amended motion to suppress. Because the original motion did not meet the statutory requirements, it was subject to dismissal. See *Davis*, 203 Ga. App. at 316 (2).

Gonzalez's proffered amendment of the motion to suppress, which was tendered more than one month after he waived arraignment, was untimely. "When a defendant files an untimely pre-trial motion, the trial court may dismiss the motion or entertain a request by the defendant to accept the late filing." *Taylor v. State*, 326

7

Ga. App. 27, 30 (2) (755 SE2d 839) (2014). Therefore, the trial court had the discretion to determine whether Gonzalez was to be afforded an opportunity to file an untimely amendment to his legally defective preliminary motion, and we will not disturb the trial court's ruling on appeal in the absence of an abuse of that discretion. *State v. Mojica*, 316 Ga. App. 619, 622-23 (2) (730 SE2d 94) (2012); *Davis*, 203 Ga. App. 316-17 (3).

Here, the record indicates that Gonzalez had the benefit of testimony from the State's witnesses regarding the issues in the case at the probation revocation hearing in July 2010. Even though Deputy Brunson apparently did not testify at the hearing, Gonzalez could have alleged the facts as he knew them in his preliminary motion to suppress. He also could have moved for an extension of time to file a more particularized motion at the time he filed the preliminary motion. If he later obtained a videotape that added new facts or contradicted the other evidence, he could have moved for leave to amend his motion based on any newly acquired evidence. Therefore, Gonzalez was not denied a meaningful opportunity to challenge the traffic stop; rather, he failed to take timely advantage of the opportunity to do so. Accordingly, we find no abuse of discretion by the trial court in refusing to hear the

8

motion to suppress.[3] See *Hatcher*, 224 Ga. App. at 749 (1); *Davis*, 203 Ga. App. at 317 (3).

2. Gonzalez alternatively asserts that his trial counsel was ineffective in failing to file his amended motion to suppress in a timely manner. He argues that the timely filing of the motion would have resulted in the suppression of the evidence because he asserts that Deputy Brunson lacked reasonable articulable suspicion to stop his truck.

> To prevail on his claim of ineffective assistance of counsel, Gonzalez
>
> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). See also *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). Because we find that a motion to suppress based on the validity of the traffic stop

---

[3] We note that the practice in many jurisdictions is to allow late amendments to a motion to suppress and thus the trial court would have acted well within its discretion to have allowed the particularized motion. But this Court sits to correct error, and we find no legal error in the denial of the motion to suppress as untimely.

would have been meritless, we conclude that Gonzalez has failed to carry his burden of demonstrating that his trial counsel was ineffective. See *Lockheart v. State*, 284 Ga. 78, 80 (3) (663 SE2d 213) (2008) (where motion to suppress evidence would have been meritless, counsel's failure to file such a motion did not amount to ineffective assistance); *Quinn v. State*, 268 Ga. 70, 72 (485 SE2d 483) (1997) (where suppression motion would not have been meritorious, defendant was not prejudiced under the second prong of test for ineffectiveness of counsel).

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation and punctuation omitted.) *Mastrogiovanni v. State*, 324 Ga. App. 739, 742 (2) (751 SE2d 536) (2013). Gonzalez argued in support of his motion for new trial that the drug evidence in this case was subject to suppression because Deputy Brunson lacked reasonable articulable suspicion to initiate the traffic stop. However, in its order denying that motion, the trial court concluded that under the totality of the circumstances, Deputy Brunson, who already was en route to the scene of the disturbance, could rely on the dispatch report that police were pursuing a "suspect" in that disturbance to stop Gonzalez's truck, which matched the description provided.

10

"For a traffic stop to be valid, an officer must identify specific and articulable facts that provide a reasonable suspicion that the individual being stopped is engaged in criminal activity." *Jones v. State*, 291 Ga. 35, 38 (2) (727 SE2d 456) (2012). "This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (Citation omitted.) *State v. Melanson*, 291 Ga. App. 853, 854 (663 SE2d 280) (2008). Therefore, we review the evidence to determine whether, considering the totality of the circumstances, specific and articulable facts exist to support such a suspicion. See *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994).

"It is well settled that police officers are authorized to use information received by radio dispatch as part of their basis for articulable suspicion to conduct a stop." (Citation and punctuation omitted.) *Melanson*, 291 Ga. App. at 854. Therefore,

> [r]easonable suspicion need not be based on a responding officer's knowledge alone, but may exist based on the "collective knowledge" of the police when there is reliable communication between an officer supplying the information and an officer acting on that information. In this regard, police are authorized to stop an individual based on a "be on the lookout" dispatch or even a radio transmission from another officer

11

who observed facts raising a reasonable suspicion of criminal activity
or a traffic violation.

(Citation and punctuation omitted.) *McBurrows v. State*, 325 Ga. App. 303, 306 (1) (a) (750 SE2d 436) (2013).

Construed most favorably to uphold the trial court's ruling, the evidence here demonstrates that Detective Eaton determined that the woman outside the Residence had reported a domestic disturbance to police, and he observed visibly upset children leaving the Residence to speak with the woman. He also observed Gonzalez leave the residence at a high rate of speed, proceeded to follow him, and identified him on the radio as the "suspect" in the domestic disturbance. Meanwhile, Deputy Brunson who had been dispatched to the report of the domestic disturbance observed a vehicle matching the description provided by Detective Eaton on the radio and initiated the stop to determine if the driver were involved in the reported incident.

As the trial court found, this case presents very similar facts to this Court's prior decision in *Jones v. State*, 314 Ga. App. 107 (722 SE2d 918) (2012). In that case, police received a call from a neighbor about a domestic disturbance. While the officers were on the way to the scene, the neighbor called back to report that shots had been fired. Upon their arrival, the officers observed a truck pulling out of a

12

driveway and radioed that "the 'vehicle is pulling out of the driveway.'" Id. Another responding officer was in the neighborhood and saw a truck pulling out of a driveway from about 500 to 600 feet away. Although he did not verify that the truck was pulling out of the driveway at issue, he saw no other vehicles pulling out of driveways in the vicinity. Id. That officer initiated a stop of the truck, and after conducting field sobriety tests, arrested the driver for driving under the influence. Id. This Court held that based on the totality of the circumstances, "the stop was neither arbitrary nor harassing, but was based on a founded suspicion of criminal activity." Id. at 110.

As in *Jones*, we find that the totality of circumstances in this case were sufficient to have created a reasonable suspicion that Gonzalez may have been involved in criminal activity. Although the present case did not involve any evidence of gunshots as *Jones* did, the nature of the domestic disturbance was serious enough that the children on the scene were crying and the woman involved felt compelled to call for police intervention. Thus, the officers had a founded suspicion of possible criminal activity. Accordingly, we find no evidence that the stop was based on mere hunch or caprice or was in any way arbitrary or harassing. See, e.g., *Harvey v. State*, 328 Ga. App. 94, 96 (761 SE2d 507) (2014) (reasonable articulable suspicion existed to support an investigatory stop, where officer was dispatched to investigate

suspicious activity at a particular gas station and on a road near the gas station, she saw a group of men that included a man she believed matched the description given in the suspicious activity call); *Brown v. State*, 253 Ga. App. 741, 742-43 (1) (560 SE2d 316) (2002) (information received from dispatch of a citizen's report of a suspected drunk driver provided sufficient articulable suspicion for officer to stop defendant's vehicle where report contained specific information to identify the vehicle).

Accordingly, the trial court properly denied Gonzalez's motion for new trial.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur*.