**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 21, 2023

# In the Court of Appeals of Georgia

A23A0321. SCOTT v. THE STATE.

McFADDEN, Presiding Judge.

Clinton Scott appeals from his judgment of conviction for aggravated assault and possession of a firearm during the commission of a crime, arguing that the trial court erred in denying his motion to suppress certain evidence. The record shows that the trial court denied the motion on the ground that the motion was untimely. We find no abuse of discretion in that ruling, so we affirm. Consequently, we do not address Scott's arguments concerning the merits of his motion to suppress.

1. *Procedural history.*

Scott was arraigned on June 26, 2009. Thirty-five days later, on July 31, 2009, he moved to suppress evidence found in a warrantless search of a car that he had been driving shortly before his arrest. At the hearing on Scott's motion, the trial court

stated that the motion was untimely. As described in more detail below, the trial court also heard testimony on and discussed his thoughts about the merits of the motion. The trial court denied the motion to suppress in open court but did not issue a written order on it.

The case proceeded to trial and Scott was convicted. He then moved for a new trial, arguing among other things that the trial court erred in denying his motion to suppress. By the time his motion for new trial was heard, the judge who had denied his motion to suppress was deceased. A different judge heard and denied Scott's motion for new trial in a written order that, among other things, concluded that the trial court had not erred in denying the motion to suppress as untimely. Scott challenges this ruling on appeal. He also enumerates errors based on the merits of his motion to suppress.

2. *Analysis.*

The record shows that Scott did not file his motion to suppress within the deadline set by OCGA § 17-7-110, which requires "[a]ll pretrial motions [to be] filed within ten days after the date of arraignment, unless the time for filing is extended by the court." OCGA § 17-7-110. See *Gonzalez v. State*, 334 Ga. App. 706, 708 (1) (780 SE2d 383) (2015) (applying OCGA § 17-7-110 to motions to suppress).

2

Consequently, although the trial court had the discretion to accept the late filing and consider the merits of Scott's motion, the trial court was not required to do so. See *Gonzalez*, 334 Ga. App. at 709 (1) ("the trial court had the discretion to determine whether [the defendant] was to be afforded an opportunity to file an untimely . . . motion"). See also *Schrader v. State*, 364 Ga. App. 631 (876 SE2d 60) (2022) (affirming the trial court's denial of an untimely filed pretrial motion). "[W]e will not disturb the trial court's ruling on appeal in the absence of an abuse of that discretion." *Gonzalez*, 334 Ga. App. at 709 (1).

But Scott and the state disagree as to the nature of the trial court's ruling — whether the trial court denied the motion to suppress as untimely or accepted the late-filed motion and decided it on its merits. Scott argues that the trial court exercised his discretion to consider and hear the motion to suppress and ruled upon its merits. Consequently, he argues, the court that ruled on his motion for new trial "erred in finding untimeliness was a ground for upholding the trial court's denial of the motion to suppress[.]" The state, in contrast, argues that the trial court denied the motion to suppress as untimely and the motion-for-new-trial court correctly so construed the ruling. Our detailed review of the transcript of the suppression hearing supports the state's construction of the trial court's ruling.

3

At the start of the suppression hearing, which was on the morning trial was set to begin, the trial court addressed the issue of untimeliness and expressed skepticism about Scott's proffered reasons for the delay. After hearing argument from both sides, the trial court stated: "This is what I am going to rule. Number one, I am going to find that this is not timely. . . . Five weeks elapsed between the time of arraignment and two of those weeks [Scott's counsel] had every bit of the information it would take to have filed this motion." The trial court then asked for a jury to be brought in and witnesses to be sequestered in preparation for trial. This appears to have been a ruling that the trial court was not going to consider the untimely motion to suppress.

But then the trial court asked counsel what witnesses would have testified to regarding the motion. After more discussion with counsel, the trial court stated that he was going to go ahead and strike a jury in the case but that he wanted to hear testimony from the arresting officer. Upon learning that the officer was not immediately available, the trial court chose to begin another trial instead, and the suppression hearing was continued until the next day.

When the suppression hearing resumed, the trial court reiterated that the motion to suppress was untimely and stated that he had a "problem" with Scott's delay in

filing the motion. Then, when Scott's counsel attributed this delay to late-received discovery, the court stated:

> Well, you had [the discovery] two weeks. It was there. . . . That's my problem. Take my word for it, if something had come up and promptly you had filed [the motion to suppress] I would not have said a word. Now here's my problem. I think either the rules mean something or they don't. But this is something that reflects on the defendant Scott so if I impose that then he goes up on direct appeal or he gets a lawyer and the first thing he comes up with is ineffective. And if there's not a record then we come back and have a hearing at that point. So I want — at this point I have heard an opening from the both of you [on the motion to suppress]. I know what you allege from having read the motions and I know what you told me yesterday. With your permission I would like to take some testimony at this point from anybody who wishes, you wish for me to hear from and let's make a record.

The trial court then heard testimony from the arresting officer, after which the trial court stated that he was going to "give [counsel] the benefit of [his] analysis." He outlined his thoughts on why the suppression motion failed on its merits and then concluded, "I'm going to overrule your motion."

Based on this record, we find no error in the conclusion reached by the motion-for-new-trial court that the trial court denied the motion to suppress because it was untimely. Although the trial court also heard evidence and expressed views about the

5

merits of that motion, the trial court's comments at the hearing do not support Scott's position that the trial court exercised his discretion to accept the late-filed motion and resolve it on its merits. The trial court stated more than once that he was skeptical of or had a "problem" with the reason Scott's counsel gave for the delay in filing the motion to suppress. His comments reflect that he heard testimony on the motion simply to make a record, in case on appeal we reversed his denial of the motion as untimely or held that the delay in filing it was ineffective assistance of counsel.

Scott has not shown that the trial court abused his discretion in denying the motion to suppress as untimely; indeed, he makes no argument in that regard. So "we will not disturb the trial court's ruling on appeal[.]" *Gonzalez*, 334 Ga. App. at 709 (1). Because we affirm on the ground that the motion to suppress was untimely, we do not reach Scott's arguments regarding the motion's merits.

*Judgment affirmed. Brown and Markle, JJ., concur.*

6